Davidson vs. Lindop.

<div style="float:right">

| 36 | 765 |
|----|-----|
| 45 | 570 |
| 36 | 765 |
| 51 | 985 |
| 36 | 765 |
| 110 | 245 |
| 111 | 240 |

</div>

## No. 8955.

### HENRIETTA DAVIDSON vs. HENRY LINDOP.

The prescription established by law for *privileges* resulting from taxes, does not apply to *mortgages* therefor, affirming State *ex rel.* Jackson, 34 Ann. 178. The prescription provided in sec. 36 of Act 96 of 1877, only applies to future taxes. As to such taxes it is merely a statute of prescription operating as a defense in bar of action and judgment, and does not apply to city taxes which have been reduced to judgment recorded as provided by law. Article 176 of the Constitution fixes a limitation of three years on the excepted privileges for taxes, only when unrecorded and the limitation does not apply to recorded privileges.

APPEAL from the Civil District Court for the Parish of Orleans. Monroe, J.

B. R. Forman for Plaintiff and Appellant.

J. C. Egan, Attorney General, John McEnery and W. B. Sommerville, contra.

The opinion of the Court was delivered by

FENNER, J.  Plaintiff, holder of a conventional mortgage inscribed in August, 1871, foreclosed and bought the property under an adjudication made on March 8, 1881.

On April 6, 1883, she took a rule to cancel all inscriptions for State and city taxes more than three years old, on the ground of prescription.

1. The State taxes involved are those of 1871, 1875 and 1880.

So far as the tax of ,1880 is concerned, its inscription was not three years old at the date of the rule or judgment thereon.

Those of 1871 and 1875 are recorded as mortgages and are fully covered by our decision in State *ex rel.* Mrs. Jackson vs. Recorder, 34 Ann. 178, to which we adhere.

2. The city taxes involved are those for the years 1871 to 1879 inclusive.

Section 20, of the city charter of 1879, provides: "That the taxes assessed and levied by virtue of this act  *  *  *  are hereby declared to be a lien and privilege upon said property,  *  *  *  and said lien and privilege shall exist in favor of the city of New Orleans  *  *  * until the same shall be fully paid; and the same shall be paid in preference to all mortgages and encumbrances other than taxes due the State."

Under this law the tax privileges of the city of New Orleans were practically imprescriptible.  It remained unaffected by any subsequent legislation until Act 96 of 1877.  Sections 36 and 102 of that act, taken together, leave the impression that they were intended to apply to tax privileges in favor of the city of New Orleans as well as to others.  But they manifestly apply only to future taxes.  The language is: " That from the filing of the assessment rolls, *as provided in this act,* the property therein mentioned shall be affected with a lien, privilege and right of pledge,  *  *  *  provided that the privilege and right of pledge be not considered as lasting for a longer period than three years."  It is obvious that the privileges referred to are those arising from the recording of assessment rolls to be made thereafter, " as provided in the act," and *these* privileges are to be subject to the prescription of three years.  But, clearly, privileges existing for prior taxes are entirely outside of the language and meaning of the law.

Conceding then that the law applies to the taxes of the city of New Orleans, after its passage, it is, nevertheless, merely a statute of prescription, subject to interruption in the modes provided by law and applicable only as a defense in bar of action and judgment.

But here we find that, in every case, the city had sued and recovered judgment, with recognition of the lien and privilege, which had been recorded in the mode prescribed by law. This removes these taxes from the operation of the statute.

It only remains to consider the effect of Art. 176 of the Constitution, which reads:

"No mortgage or privilege on immovable property shall affect third persons, unless recorded or registered in the parish where the property is situated, in the manner and within the time as is now or may be prescribed by law, except privileges for expenses of last illness, and privileges for taxes, State, parish or municipal, provided such privilege shall lapse in three years."

The language has not the clearness which should characterize a constitutional provision; but we are satisfied the limitation of three years only applies to the special privileges named when they are *unrecorded*. We understand the article to mean and to say, that no unrecorded privilege shall affect third persons, except the special ones mentioned, which, though unrecorded, shall have effect, "provided such (unrecorded) privileges shall lapse in three years." To hold otherwise would be to impose upon these favored privileges, when recorded, a term of prescription not applicable to other recorded privileges. The purpose of the Constitution was to discriminate in favor of, not against, these privileges. The article, under this view, has no application in the instant case.

We concur, on all points, with the district judge.

Judgment affirmed.

Rehearing refused.