The majority opinion and decree is so lacking in precedent, and so far-reaching and disastrous in its effect upon the governmental agencies and administrative boards of this state, that I feel compelled to record my dissent.
In our original opinion and decree, we recognized the constitutionality and legality of the tax on the sugar and molasses manufactured by the defendant.
We likewise held that, when the defendant removed the sugar and molasses from the parish without paying the tax, thus depriving the levee board of its lien and privilege, said defendant became responsible for the statutory charges against the said property.
But now, on rehearing, simply because the officers, whose duty it was to collect the tax, permitted the owner of the produce to remove the same from the parish, it is said the action of the levee board to recover the tax is prescribed.
And the basis for such ruling is that the owner of the produce committed an offense or quasi offense in removing the produce from the parish without paying the tax.
What analogy or what application the pleaded prescription governing actions arising ex delicto can have to taxes or local assessments, levied pursuant to constitutional authority, is beyond my ability to comprehend.
Taxes are not debts in any sense of the term. They are forced contributions, exacted of the citizen or his property, to support the government.
The demand made in this suit is not, therefore, a demand for a debt, nor is it a demand for damages occasioned by an offense or a quasi offense. It is a demand on the defendant to pay the plaintiff the statutory charges levied against the defendant's property.
At different times in the past history of this state, there were statutes limiting the time within which taxes of every character could be collected. *Page 619 
And to-day the Constitution (section 19, art. 19, of 1921, and article 186 of 1913) provides that tax liens, mortgages, and privileges shall lapse in three years from the 31st day of December in the year in which the taxes are levied, and this whether such liens, mortgages, or privileges are recorded or not.
There is no statute of this state, however, fixing a period in which taxes themselves are prescribed. The general rule, in the absence of such a statute, is that taxes are imprescriptible.
The statute under which the tax in question was levied creates a lien not only upon the property subject to the tax, but also upon all other property of the person owning same at the time the tax becomes due.
This was in accord with paragraph 2 of article 233, Constitution 1913, and paragraph 3, § 11, art. 10, Constitution 1921, which declares that taxes on movables shall be collected by the seizure and sale of the movable property of the delinquent, whether it be the property assessed or not.
If this decision stands, then the constitutional provisions referred to are rewritten by the court so as to limit the privilege to one year, for there can be no privilege for taxes for three years when the taxes themselves prescribe in one year.
The rule is well settled that the statutes of prescription are to be strictly construed, and cannot be extended from one action to another.
And another recognized rule is that revenue laws are sui generis and are not to be assimilated to those on any other subject. State ex rel. Jackson v. Recorder, 34 La. Ann. 178; Davidson v. Lindop, 36 La. Ann. 765.
Hence "the provisions of the Civil Code under the title of prescription do not apply to the limitation prescribed by statute in respect to the collection of the revenue." Reed v. Creditors, 39 La. Ann. 115, 1 So. 784.
As before stated, this action is not brought *Page 620 
for damages. It is in no sense an action arising out of an offense or quasi offense.
The defendant's able counsel expressly repudiate such a theory.
The plaintiff, in effect, says that a definite and fixed amount of taxes was levied on defendant's property, secured by a lien and privilege. The defendant removed and sold that property, and therefore owes the amount of said taxes.
The answer of this court is, in effect, we concede, this, but, in refusing to pay the tax and in selling the property, the defendant was guilty of a quasi offense, and the plaintiff's action, being one for damages, is prescribed by one year, as are all other actions in tort.
 On Second Rehearing.