O’NIELL, J.
Defendant appeals from a judgment annulling a tax sale and annulling a judgment by which the tax sale was confirmed.
The property in contest consists of several tracts of timber land, supposed to contain 1.180 acres. It has never been actually possessed or occupied by any one. It belonged to a corporation styled Powell Bros. & Saunders Company, which company went into the hands of a receiver in 1908. Thomas C. Wingate was appointed receiver, and was thereafter in that year elected sheriff, and became ex officio tax collector of the parish. The corporation owned in 1010 6,680 acres of timber land in the parish, including the land in contest. The 6,680 acres were assessed to the corporation for the taxes of 1910 under one assessment, the taxes on which amounted to $533.94. At that time, the parties who appear through a trustee as plaintiffs herein were the holders of a mortgage on the 1.180 acres of land now in contest. On the 3d of May, 1911, the taxes due on all of the land assessed to the corporation, excepting the land now in contest, were paid; and a deputy tax collector issued a receipt, No. 4234, in the name of Powell Bros. & Saunders Company, for the amount thus paid, $372.90. At the same time he segregated on the assessment roll the land then mortgaged to the plaintiffs herein, by drawing a blue line under the description of each tract, and he then made a memorandum on the margin of the assessment roll, viz.:
‘•Receipt 4254 pays on all except that underscored thus” — indicating with a blue line.
The record does not show who paid the taxes on the 5,500 acres of land. But from the fact that the receivership was then dormant and without funds, and from the fact that the 5,500 acres had been. sold in foreclosure of a mortgage thereon, the supposition is that the taxes on the 5,500 acres were paid either by the holder of the mortgage thereon or by the party who had bought the property at the foreclosure sale.
The taxes for the year 1910 on the 1,180 acres now in contest were not paid; and on the 24th of June, 1911, the property was regularly sold for taxes and adjudicated to the defendant company for the taxes, interest, penalties, and costs due thereon. The deed was filed and recorded in the conveyance office on the 3d of July, 1911.
More than three years thereafter — that is, on the 13th of January, 1915 — the defendant herein brought suit against Powell Bros. & Saunders Company to quiet the tax title, under the provisions of act 101 of 1898 (page 127) and article 233 of the Constitution. The citation was addressed ‘‘To Powell Bros. & Saunders Co., Ltd., Thos. C. Wingate, Receiver,” and Wingate, as receiver, accepted service of the petition. Judgment was rendered by default on the 2d of February,. 1915, declaring the tax title valid, and forever enjoining Powell Bros. & Saunders Company, Ltd., its successors or assigns, from claiming any right, title, or interest in or to any part of the land described in the tax deed.
Three days later, that is, on the 5th of February, 1915, the parties who now appear as plaintiffs in this suit appeared in the proceedings to quiet the tax title, and filed a motion for a new trial. They alleged that they were the holders of a mortgage, which was then being, or about to be, foreclosed, on the property described in the tax deed; and they urged all of the grounds which are urged in the present suit in support of their demand to have the tax sale declared null. The motion, for a new trial of the suit to quiet the tax title was contested by the *863 plaintiff in that suit, defendant in this suit, and was argued and submitted and overruled by the court. The plaintiffs in the present suit reserved a bill of exceptions to the overruling of their motion for a new trial of the suit to quiet the tax title, but did not appeal from the judgment. A year later—that is, on the 7th of February, 1916—having foreclosed their mortgage and bought the property, they instituted this suit to annul the tax title and the judgment confirming the same.
[1] Pretermitting the question whether :his action is barred by the judgment quieting the tax title,.our opinion is that the plea of prescription of three years, filed by the defendant herein, should have been sustained. The grounds on which the plaintiffs seek to annul the tax sale are threefold, viz.:
(1) That a part of the taxes for which the property was sold was paid previous to the sale, as evidenced by the tax receipt No. 4254.
(2) That Thomas O. Wingate, while serving as receiver of the corporation that owned the property, was without authority or capacity, as tax collector, to sell the property for delinquent taxes.
(3) That notice of delinquency was not served as required by law.
The tax deed contains the usual recital— and it is not contradicted—that the notice of delinquency was served upon Powell Bros. & Saunders Company. Plaintiffs have apparently abandoned their contention that the notice was not served. If that were the only complaint, the action would be barred by the •prescription of three years.
Plaintiffs also admit in their brief that they do not depend upon the proposition, advanced in their petition, that the tax collector could not make a valid tax sale of the property while he was serving as receiver of the corporation that owned it.
[2, 3] It is well settled that the prescription of three years, under article 233 of the Constitution, does not bar an action to annul a tax sale made for taxes of which a part was paid previous to the sale.' In this case, however, there was no previous payment of any part of the taxes for which the property was sold. The tax sale was made for that part of the taxes which had not been paid. It is true, the deputy tax collector who issued receipt No. 4254 should have obtained from the assessor a valuation certificate, as provided in section 50 of Act 170 of 1898, before accepting payment of the taxes due on á part of the land, and allowing the taxes due on'the other part, all embodied under one assessment, to remain delinquent. But the fact ‘remains that there was no payment of any part of the taxes for which the property was thereafter sold. The only two exceptions to the prescription against an action to annul a tax title in article 233 of the Constitution are: (1) Dual assessment; and (2) “payment of the taxes for which the property was sold previous to the date of sale.” The causes for which the plaintiffs in this suit seek to annul the tax sale are not within either of the exceptions mentioned in article 233 of the Constitution.
The judgment appealed from is annulled, and plaintiffs’ demand is rejected, and their suit is dismissed at their cost.
DAWKINS, J., dissents.
MONROE, O. J., takes no part.