### STATE ex rel. ETHERIDGE v. ARIAIL, Clerk of Court.
### No. 29816.

Supreme Court of Louisiana.

Nov. 30, 1931.

Julius F. Ariail, of Alexandria, in pro. per.

K. Hundley, of Alexandria, for appellee.

O'NIELL, C. J.

This is a proceeding by mandamus to compel a clerk of court, ex officio recorder of mortgages, to omit from a mortgage certificate the record of a tutor's bond, which the relator signed as surety. He had an opportunity to sell a town lot in Pineville, provided he could furnish a clear certificate of

(173 La. 712)

### HAYNES v. HOOD.
### No. 30343.

Supreme Court of Louisiana.

Nov. 30, 1931.

M. C. Redmond, of Monroe, for appellant.

Theus, Grisham, Davis & Leigh, of Monroe, for appellee.

LAND, J.

This is a petitory action in which plaintiff seeks to recover "all that part of Section 51 which lies in Section 33, T. 17, N. R. 3 East, Ouachita Parish, containing about 120 acres of land."

The lower court rejected plaintiff's demand, and rendered judgment maintaining title set up by defendant, and decreeing him to be the true and lawful owner of the property in dispute, which the trial judge found to contain 187.55 acres of land. See map, Tr., p. 55.

Judgment was also rendered in favor of defendant in the sum of $93 on his reconventional demand against plaintiff for the value of certain cordwood sold by plaintiff from the property involved in this suit.

Plaintiff has appealed, but has failed to file a brief in his behalf in this court.

Title is claimed by plaintiff through mesne conveyances from C. G. Coates, who purchased at tax sale, June 20, 1903, "120 acres in Twp. 17, N. R. 3 East, bought of A. Myatt," the property having been assessed for taxes for 1902 to Thos. Harris, and sold for delinquent taxes for that year.

The record shows that this property was also assessed to A. Myatt, by proper description, for the year 1902, and that he paid the taxes for 1902 on December 16th of that year, or six months before the tax sale.

Defendant sets up the nullity of the tax sale under which plaintiff claims the land on the following grounds:

First. Actual assessment of taxes to and prior payment thereof by A. Myatt; and

Second. That the description in the tax deed was not sufficient to identify the property sought to be sold.

The first ground of attack upon the tax sale must prevail, as dual assessment and payment of taxes prior to date of sale are causes of nullity specially excepted from the curative force of article 233 of the Constitution of 1898. Booksh v. Wilbert Sons Lumber &

Shingle Co., 115 La. 351, 39 So. 9; Wilbert v. Michel, 42 La. Ann. 853, 8 So. 607.

We do not find it necessary to pass upon the second ground of attack made by defendant.

Defendant, on the other hand, acquired by sheriff's deed of date November 8, 1923, from the succession of W. R. Kilpatrick, among other property, all of section 51, T. 17 N., R. 3 East.

Kilpatrick acquired the same property from A. Myatt by deed of date October 10, 1917, and Myatt purchased the property from John A. Wells October 9, 1874. It is admitted by the parties to this suit that the land has been severed from the government.

Kilpatrick had title to a tract of about 539 acres, including the land now in question. He actually lived on and cultivated the eastern 125 acres. This actual possession was continued by his heirs and by defendant, and plainly constituted possession of the entire tract, including the land in controversy.

Defendant and his authors in title had possession of the land in question in good faith, under titles translative of property and during more than ten years. The plea of prescription of ten years' acquirendi causa tendered by defendant must therefore prevail, as the present suit was brought October 5, 1928. Defendant has not only successfully attacked plaintiff's title, but has shown a valid prescriptive title in himself.

The plea of prescription of ten years' acquirendi causa, tendered by plaintiff in support of his title, is without merit, as plaintiff has never been in actual possession of the property in dispute.

The constitutional limitation of three years, invoked by plaintiff against the attack of defendant upon the tax title of C. G. Coates, author in title of plaintiff, is of no avail in the present case, for the reason that, under article 233 of the Constitution of 1898, sales of property for taxes can be set aside in all cases where the taxes for which the property was sold were paid prior to the date of the sale, as in the present case.

In our opinion, the reconventional demand of defendant for 93 cords of wood at $1 per cord, sold by plaintiff from the land in dispute in September, 1928, is sustained by the evidence in the case.

Judgment affirmed.