## JEFFERSON v. SCHENCK.*

### No. 14146.

Court of Appeal of Louisiana. Orleans.

Dec. 19, 1932.

J. A. Morales and H. J. Rhodes, both of New Orleans, for appellant.

Frederick G. Veith, of New Orleans, for appellee.

HIGGINS, J.

This is a petitory action in which the plaintiff claims ownership of a part of lot 8 and the whole of lot 9 in square 789 in the third district of the city of New Orleans. The alleged chain of title shows that the ownership of the property was in his wife's family since December 28, 1838, and that he inherited it from the succession of his deceased wife, Mrs. Eglerret Joseph, by virtue of a judgment of the civil district court in proceedings No. 152657 of the docket.

The defendant filed an exception of no right or cause of action based upon the ground that defendant is a married woman, and, while the property is in her name and she is in possession of it, that the suit should have been filed against her husband as head and master of the community.

Defendant also filed a plea of res judicata and estoppel, stating that in a proceeding for possession instituted by the Tulane Investment Co., Inc., v. Michel et al., No. 143301 of the docket of the civil district court, the judge of that court on January ———, 1926, rendered judgment therein in favor of the plaintiff, which was the predecessor in title of the defendant in the present suit.

Defendant also interposed a plea of prescription of three years, predicated upon the provisions of article 233 of the Constitution of 1898, article 233 of the Constitution of 1913, and section 11 of article 10 of the Constitution of 1921, which, in effect, provide that irregularities in reference to tax sales shall be prescribed by three years.

The trial court overruled the above exceptions and pleas, and the defendant answered, claiming title to and possession of the property by virtue of an act of sale to herself from the Galvez Realty Company, Inc., dated September 5, 1924, and that the Galvez Realty Company acquired it from the Tulane Investment Company, Inc., by an act before Josiah Gross, notary public, in 1923, and that "the Tulane Investment Co., Inc. acquired the property from the Succession of Mrs. J. Michel, the mother-in-law of the plaintiff, and also the plaintiff, in 1924, all as will be more fully shown upon the trial of this cause."

On the trial of the case on the merits the defendant based her claim to the title upon an alleged tax sale by the city of New Orleans in 1921 to the Tulane Investment Company, Inc., for the unpaid taxes of 1918, the property being assessed in the name of Mrs. J. Michel. Plaintiff countered by offering evidence tending to show that the tax title relied upon was a nullity because there was a dual assessment and prior payment of the taxes.

Defendant also undertook to show that the plaintiff, on July 2, 1924, executed a quitclaim deed of the property in question, together with other lots in the same square, to the Galvez Realty Company, Inc., for the sum of $425. Timely objection was made to the introduction of the quitclaim deed on the ground that the defendant did not plead it in her answer, and the trial court sustained the objection and ruled out this document.

There was judgment in favor of the plaintiff on the merits, as prayed for, and the defendant has appealed.

We believe that the exceptions of no right or cause of action are not well founded because the petitioner sets forth the chain of title under which he claims, and that the defendant is claiming the ownership of the property by virtue of an act of sale and is in the physical possession thereof. In a petitory action the plaintiff is required to bring the suit against the party in possession, claiming adverse title. If the defendant's husband also claimed the ownership of the property as the head and master of the community, his remedy was to intervene in the suit and defend it jointly with his wife. He did not do this, and on the trial of the exceptions no attempt was made by the wife to show that the property belonged to the community of acquêts and gains, or that, at the time the suit was filed, she was married and living with her husband.

The judgment of the trial court in overruling the exceptions is correct.

As to the pleas of estoppel and res judicata, the record "In re The Tulane Investment Company, Inc., Writ of Possession," No. 143301 of the docket of the civil district court, shows that this was an ex parte proceeding and that the plaintiff and his authors in title were never made parties to it. As the plaintiff was never made a party to the proceedings with reference to the writ of possession, we feel that the plea of res judicata is unfounded and was properly denied by our learned brother below. There is nothing in the record to support the plea of estoppel.

The plea of prescription is founded upon the provisions of articles of the Constitutions of 1898, 1913, and 1921, which are very similar, and, as far as this case is concerned, identical. But the three-year prescription sought to be invoked has no application where the tax sale is attacked upon the grounds of a dual assessment and the payment of the taxes prior to the date of the tax sale, as is the situation in the instant case. In the case of Haynes v. Hood, 173 La. 712, 715, 138 So. 517, 518, the court said: "The constitutional limitation of three years, invoked by plaintiff against the attack of defendant upon the tax title of C. G. Coates, author in title of plaintiff, is of no avail in the present case, for the reason that, under article 233 of the Constitution of 1898, sales of property for taxes can be set aside in all cases where the taxes for which the property was sold were paid prior to the date of the sale, as in the present case."

The prescriptive period sought to be invoked is effective only against irregularities, such as improper spelling of the owner's name in which the property is assessed, faulty advertisement, etc. Board of Commissioners v. Concordia Land & Timber Co., 141 La. 247, 74 So. 921; Thompson v. Sanders-Lenahan Lumber Co., 147 La. 860, 86 So. 310; Faulkner v. Rivers et al., 4 La. App. 61; Lacroix v. Meyers, 7 Orleans App. 189.

Therefore the plea of prescription of three years was likewise correctly overruled.

On the merits of the case the plaintiff proved by records of succession proceedings that the property was owned by the relatives of his wife from 1838, and that he inherited it from his wife. In fact, there is no dispute as to the chain of title running back from 1918. The whole issue is whether or not the tax sale was valid, and if the trial court was correct in excluding as evidence the purported quitclaim deed by the plaintiff in favor of the Galvez Realty Company, Inc., dated July 2, 1924.

The plaintiff offered in evidence surveys of square No. 789 and the assessment rolls covering all of the lots of the square assessed in the names of various owners, as well as a stipulation between counsel that all of the taxes assessed against all of the lots designated on the assessment roll of that square had been paid before the tax sale was made. This evidence tends to show that the city assessed and collected taxes on more ground than was actually contained in square No. 789. The assessment roll also shows that lots 19, 20, 21, 22, and 23 of square 789 were assessed in the name of Jackson Jefferson, and it is admitted that he paid the taxes that were due on these lots for that year. Defendant did not offer any evidence to contradict the evidence offered by the plaintiff tending to show that there was a dual assessment and that the city had collected taxes on all property contained in the square before the tax sale in question was made. The trial judge was of the opinion that plaintiff sufficiently established that his lots were illegally sold as a result of dual assessment, and that the taxes had been previously paid, and, from a review of the record, we do not feel that we would be justified in disturbing his finding of fact in that respect.

Having concluded, as the trial judge did, that the tax sale was illegal, the next question presented is the propriety and correctness of the trial court's ruling in excluding as evidence the alleged quitclaim deed of July 2, 1924. Defendant did not plead in her answer that she claimed ownership of the

property by virtue of this alleged quitclaim deed, and, upon timely objection, the judge of the trial court excluded this evidence. Counsel for defendant at that time did not request the court to permit an amendment of his answer so as to aver that the defendant was also claiming title by virtue of the quitclaim deed. The trial judge allowed the defendant considerable latitude with reference to explaining this document, with reservation to the plaintiff under his objection, and, after the explanation of the defendant was before the court, the judge reiterated his ruling and rejected the evidence. As the case went to trial, there is no doubt that the defendant intended to rely upon the validity of the tax sale and that the plaintiff met this issue squarely by claiming that the tax sale was a nullity because of the dual assessment and prior payment of the taxes assessed against the property. It was only then that the defendant attempted to introduce in evidence the quitclaim deed. We believe the ruling of the trial court was proper, and, in passing, might say that the weight of this document as evidence was discredited considerably by the plaintiff's explanation that it was executed without any consideration and that it was obtained from him in a very unfair and irregular manner, and this evidence is uncontradicted by the defendant. Furthermore, while the quitclaim deed is dated July 2, 1924, it was not recorded until May 3, 1930.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.