(34 South. 429.)

No. 14,526.

KOEN v. MARTIN.

(April 27, 1903.)

TAX SALES—SETTING ASIDE—LIMITATIONS—
RIGHTS OF PARTIES.

1. Under article 233 of the Constitution, tax sales may be set aside because of the payment of the taxes for which they have been made only when such payments shall have been made before the sales.

2. Where the tax debtor is in actual, corporeal possession when his property is sold for taxes, his action to set aside the sale will not be barred, so long as the tax purchaser allows him to remain undisturbed. It does not follow, however, that the tax purchaser forfeits his title by failing to take possession of the property, or that the right accorded to the tax debtor to bring suit means necessarily the right to recover.

3. The concession to the tax debtor of the

right to bring suit, after the expiration of three years, for the recovery of property sold for taxes, is founded upon equitable considerations, and it is competent for the court finally determining the controversy to require him to do equity.

(Syllabus by the Court.)

Certiorari to Court of Appeal, Parish of Orleans.

Action by Urban Koen against Reinhart Martin. Judgment for defendant was affirmed by the Court of Appeal, and plaintiff applies for certiorari or writ of review. Modified.

James J. McLoughlin, for appellant. Frank B. Thomas, Asst. City Atty., for respondent city of New Orleans.

## Statement of the Case.

MONROE, J. The applicant for the writ of review (plaintiff in the above-entitled suit) proceeds by rule; alleging that, as holder of a mortgage executed by the defendant, he caused the mortgaged property to be seized and sold, and that it has been adjudicated to him, but that the sheriff declines to deliver a deed therefor unless certain taxes claimed by the city of New Orleans are paid, and the liens and privileges canceled. He further alleges that said taxes, liens, and privileges are null for the reasons that the assessments were made in the names of persons who were not the owners of the property; that the description and valuation of the property were insufficient; that said taxes, liens, and privileges are barred by the prescription of three, five, and ten years; and that the taxes on the lots in square No. 136 were paid May 25, 1895, and the sale of said lots to the city for the same was thereby annulled. He further alleges that he has offered to pay the taxes for the three years next preceding the adjudication to him, and he prays that the recorder of mortgages, the city of New Orleans, and the sheriff be ordered to show cause why said tax inscriptions should not be canceled, and why the sheriff should not deliver to him a deed to the property. The city denies generally and specially these allegations, affirms the validity of the sale to her, and pleads in support thereof the prescription of three years, under article 233 of the Constitution of 1898. The recorder of mortgages makes

no appearance, and the sheriff answers that. he is without authority to deliver the deed demanded of him until the taxes shall have been paid.

The property in question, and the taxes recorded against it, may be designated as follows:

Parcel No. 1. Lots 1 and 2 in square 294, bounded by St. Philip, Tonti, Miro, and Dumaine streets, against which taxes are recorded for the years from 1870 to 1876, inclusive, for 1879 and 1885, and for the years from 1889 to 1900, inclusive.

Parcel No. 2. Lot 14 and the half of lot 15 in the square 136, bounded by Laurel, Annunciation, Belle Castle, and Dufossat streets, against which there are recorded taxes for the years from 1880 to 1901, inclusive (save for 1900), and which upon January 8, 1889, was adjudicated to the city for the taxes from 1880 to 1887.

Parcel No. 3. Lot 14 in square 159, bounded by Villere, Marais, Customhouse, and Bienville streets, against which taxes are recorded for the years from 1880 to 1900, inclusive, and which upon February 7, 1891, and June 19, 1893, respectively, was adjudicated to the city for the taxes of 1886 and 1887 and of 1884 and 1885.

Parcel No. 4. Lot 4 in square 102, bounded by Chippewa, Annunciation, and Delachaise streets, and Louisiana avenue, against which there are recorded taxes for the years 1880 to 1900, inclusive, and which upon February 7, 1891, was adjudicated to the city for the taxes of 1886 and 1887.

With respect to the parcel No. 1, the district court made the rule absolute as to all the taxes, save those for the years from 1870 to 1876, inclusive; and, with respect to the other parcels, it maintained the plea in bar of the attack upon the city's title, upon the authority of article 233 of the Constitution. The judgments so rendered were considered collectively and affirmed by the Court of Appeal, and it is the judgment of this last-mentioned tribunal that we are requested to review.

## Opinion.

The applicant complains of the refusal of the court to order the cancellation of the inscriptions for the taxes of 1870 to 1876 on parcel No. 1, on the ground that the assess-

ments were in the name of "Wid. De St. Romes," which, he alleges, was insufficient to identify the owner.

The taxes for 1870 to 1875 appear to have been assessed as stated, but the tax of 1876 was assessed to F. D. Brinkman. No evidence was offered to show that the persons named were not the owners of the property, that they were known by any other names, or that the names used were insufficient to identify them. And the taxes in question, and the liens and privileges therefor, are not barred by prescription. City Charter (Act of 1870) § 20; Davidson v. Lindop, 36 La. Ann. 765; Succession of Mercier, 42 La. Ann. 1135, 8 South. 732, 11 L. R. A. 817; State ex rel. Powers v. Recorder, 45 La. Ann. 570, 12 South. 880.

He complains of the ruling with regard to parcel No. 2, on the ground that it was proved, as he alleges, that the taxes for which the property was adjudicated to the city were paid, and the property thereby redeemed, and that the court has incorrectly interpreted article 233 of the Constitution, in holding that the peremption thereby established is available for the benefit of an adjudicatee at a tax sale, who allows the owner and tax debtor to remain in actual, undisturbed possession of the property.

The judge of the district court correctly observes that, under the article 233 of the Constitution, tax sales may be set aside because of the payment of the taxes for which they are made only when such payments shall have been made before the sales. If it were otherwise, a tax title would always be defeasible by the payment of the taxes for which the property may have been sold.

In the instant case the property was sold in 1889 for the taxes of 1880 to 1887, and the payment is said to have been made by the applicant, or his author, in 1895. Assuming, however, that the city, being the owner of the title, might have consented to the redemption of the property even at that time, we concur with the two courts which have passed upon the question in the opinion that the payment and redemption relied on have not been established.

The more important complaint relied on by the applicant, which relates to the judgment as affecting parcels Nos. 3 and 4, as well as parcel No. 2, is that concerning the

interpretation placed on article 233 of the Constitution. It is undisputed that the owner of these parcels was in actual possession of them in 1889, 1891, and 1893, when they were sold, and that he remained in undisturbed possession until they were adjudicated to the applicant, in November, 1901. It further appears that during that time the property was assessed to him for general purposes, and also for local improvements. Under these circumstances, we are of opinion that the peremption established by the Constitution is no bar to the attack upon the titles acquired by the city. This matter has recently been considered in the case of Carey v. Cagney (La.) 33 South. 89,[1] and it was there held (quoting from the syllabus) that "where the original owner remains in the actual, corporeal possession of the property, such possession is in continuous conflict with the claim arising under the tax title, and a continuous protest against the same; and it cannot be held, under such circumstances, that any prescription, operating as a statute of repose, runs in favor of the tax title."

It is one thing, however, to hold that where the owner is in actual, corporeal possession when his property is sold for taxes, his action to set aside the sale will not be barred so long as the tax purchaser allows him to remain undisturbed; and quite another, for which we know of no authority, to hold that the title of the tax purchaser is ipso facto forfeited by his failure to take possession, and that the right accorded to the tax debtor to bring suit, therefore, and of necessity, means the right to recover.

In the case at bar the pleadings filed in the district court fail to disclose any attack upon the titles as originally acquired by the city, or either of them. On the contrary, in so far as concerns the lots in square No. 136, the assertion and the unsuccessful attempt to prove that the taxes for which they were sold were afterwards paid, and the property thereby redeemed, would seem to imply a recognition of the validity of the sale; and, as to the sales of the lots in squares 159 and 102, the original pleadings of the plaintiff in rule are absolutely silent, and the attack in the Court of Appeal and in the application and brief filed in this court seem to be predi-

---

[1] 109 La. 77.

cated entirely upon the mistaken idea that the sales are null because the right of the applicant to question their validity is not perempted or prescribed.

Beyond this, the only information which the record affords as to the city's acquisition and ownership of either of the lots is that contained in the statement, partly in writing and partly in stencil characters, upon the tax research certificates, offered in evidence by the plaintiff in the rules, and in the recitals of the deed prepared by the sheriff, which it is the purpose of this proceeding to compel him to deliver.

Our conclusion, then, is that neither the pleadings nor the evidence present the case in such a manner as to enable us (differing, as we do, from our Brethren, who have already considered the matter, as to the applicant's right of action) to determine satisfactorily the questions of title which are at issue, and that the parties should therefore be left to litigate those questions, and such others as may be dependent on them, in another proceeding. But in this connection it is to be borne in mind that the plaintiff in rule and present applicant before this court is seeking equity, that the concession to him of the right to attack the titles of the city is founded upon equitable considerations, and that it is competent for the court which may finally determine the controversy to require him to do equity. Hansen v. Sheriff et al., 52 La. Ann. 1569, 28 South. 167.

It is therefore ordered, adjudged, and decreed that the judgment of the Court of Appeal which is here made the subject of review be affirmed in so far as it relates to the lots in the square 294, and in so far as it holds that the lots in square 136 have not been redeemed by payment of the taxes for which they were sold, and that said judgment be avoided and reversed in so far as it denies to the plaintiff the right to be heard for the purpose of attacking the validity of the sales to the city of New Orleans of the lots in squares 136, 159, and 102. It is further ordered and adjudged that the demand of the plaintiff for the cancellation of the tax inscriptions upon the lots last above mentioned be dismissed as in case of nonsuit; that his right to attack, in a proper proceeding, the validity of the recorded titles of the city of New Orleans to said lots be recognized; and that all rights of the city with respect to its defense against such attack be reserved.

It is further ordered and adjudged that the costs of the district court rest where they have fallen, and that the costs of the Court of Appeal and of this proceeding be paid by the city of New Orleans.