BREAUX, C. J.
Plaintiff brought this suit to have his tax title to a vacant square of ground in the city of New Orleans recognized and confirmed.
He holds a tax deed to the property by purchase from the state. The property was sold to the state on June 9, 1887, for the state taxes of the year 1886.
It was assessed in the name of defendant, Mrs. R. F. Ohoppin, for said year.
In the year 1893 by deed from the auditor the property passed out of the state, and by conveyance from the state to Leon Lavedan, vendee.
The property was thus sold in accordance with requirement of Act 80 of 1888, but the deed for some reason was not recorded before the 13th of November, 1905.
Defendant, controverting plaintiff’s rights to be quieted in his tax title, none the less admits that the property described in the petition is unimproved and unoccupied.
She claims to have acquired it in the year 1881, by act before notary duly registered in due time.
She attacks plaintiff’s tax title on the ground that the property was not assessed for the year 1886, nor advertised in time and manner required, and no notice given of the intended sale.
Further, defendant assumes that, even if at one time valid, the state waived and abandoned all its rights by assessing the property to and in the name of defendant for the year 1887 and all subsequent years to 1901, and received her taxes for those years and on the property as thus assessed. She raises the further objection that plaintiff should be held to similar waiver and abandonment for the same reason.
We have noted: Actual possession is not claimed by either plaintiff or defendant.
As it was in Ashley v. Bradford, 109 La. 646, 33 South. 634, it was not shown that any person “ever had civil or constructive possession.”
In the cited case and in the repeated decisions since it has been decided that in that situation of issues the tax title owner had the right to a judgment affirming his title.
In sustaining that conclusion, effect of legal seisin is given to a tax adjudication. Handlin v. Lumber Co., 47 La. Ann. 401, 16 South. 955; and Bradford Case cited above.
The last decision interprets upon this point the clause of Const, art. 233 and Act No. 101 of 1898 (Laws 1898, p. 127) adopted to give full effect to the former:
“No sale of property for taxes shall be set aside for any cause, except on proof of dual assessment or of payment of the taxes for which the property was sold, unless the proceeding to annul is instituted within three years from the date of the adoption of the Constitution as to sales already made.”
Such a suit never was brought, and the three years’ delay is invoked by plaintiff as against defendant’s right to recover the property.
The interpretation of the cited article was reaffirmed in Terry v. Heisen, 115 La. 1074, 40 South. 461, and that view is now part of the jurisprudence on the subject of tax sale.
This, as relates to defects prior to the date of the tax sale, brings the case within narrow limits: Dual assessment or payment of the tax.
As the defendant pleads neither, we will pass to other issues without dwelling further upon the subject.
The first proposition of defendant, attacking the title, is that under section 60 of Act No. 98 of 1886 (Laws 1886, p. 153), under which the property was sold, it was the “imperative duty” of her officers to take actual possession of and to let it.
This plea is not presented in the pleadings, *1059 though argued • in the brief of defendant (relator here).
As it should have been specially pleaded, it will receive a passing consideration.
The law, if it be the intention of the statute, as urged by relator, has been, to say the least, modified on this point by the article of the Constitution before cited, limiting, as before mentioned, the grounds upon which tax sales may be annulled.
The adjudicatee acquired some right to the property if the formalities were at all those required.
Under the Constitution the tax deed is prima facie valid.
The state in many respects is to be considered as to its right as any other adjudicatee. If the adjudicatee, other than the state, does not go into possession, his rights as tax owner are not upon that ground considered lost.
“A tax purchaser does not forfeit his title by failing to take possession of the property purchased.” Koen v. Martin, 110 La. 242, 34 South. 429.
That the assessor continued, after the adjudication to the state, to assess the property in the name of the former owner down to the year 1901, is the next objection urged by defendant as a ground of attack against the' tax deed.
The taxes for.those years were paid by plaintiff, adjudicatee at tax sale.
Had the state continued to assess the property in the name of the former owner, and collected taxes from the former owner, a different proposition would be before us for decision.
We will not discuss it at this time, or express an opinion, but remain content with stating that, where the tax title owner pays the taxes, though the property is assessed in the name of the former owner, if in all respects it is, as in this instance, the property of the state, then it affords no ground to the former owner to set aside a title acquired after these many years’ delay.
. But the defendant is pleased to contend on another point that to obtain a complete tax title the adjudicatee must pay the city taxes, as well as the state taxes.
This does not coincide with the view heretofore expressed by this court. The state-is treated as a complete authority, having the-power tq collect its own taxes, and the municipality another, having similar power, and' each is, as far as possible, left to see to the-collection of its own taxes.
The state had authority to sell the property, and the adjudicatee was properly held to have discharged all liabilities by paying all the taxes due the state; it not having been shown that the city claimed its taxes- and took any steps toward their collection.
Here is the language of the decision in question upon the point at issue:
“The state authorities were not charged with the duty of collecting the city taxes. These remained upon the property, subject to payment by the adjudicatee under the personal obligation assumed by him so to do. If the property passed from the owners owing the tax to the state,, in enforcement of state taxes, the owners so divested of title were in no position to set up, as against the acquisition by a third person of legal title to the same from the state, that this latter purchaser had not paid the city taxes then due on the property. If the property had passed from them to the state, it was no concern of theirs whether, for the purpose of acquiring title, the adjudicatee paid the city taxes immediately or not.” Gowland v. City of New Orleans, 52 La. Ann. 2046, 28 South. 360.
This was a matter between the city and the adjudicatee.
The argument being about to be concluded in the lower court, it was too late to receive-the evidence to which the defendant (relator) objected.
This ground raises a point involving delay at most.
It is well settled that no evidence should be received after argument, except by consent.
Much is left to the discretion of the district court in regard to article 484 of the- *1061 Code of Practice. Besides, the point comes before us in such a shape that we do not think we should set aside the judgment on the ground mentioned.
For reasons stated, the rule nisi is recalled and discharged. Applicant’s demand is dismissed ; also her petition.