No. 1825

Second Circuit

———

FAULKNER v. RIVERS, ET AL.

———

(February 8, 1926, Opinion and Decree)
(March 11, 1926, Rehearing Refused) ·

———

(*Syllabus by the Editor*.)

1. **Louisiana Digest—Taxation—Par.** 338, 382. ·

In order to defeat a tax title on the plea that the tax had been paid, it must be proven that the payment was made previous to the sale.

2. **Louisiana Digest—Taxation—Par.** 325, 345.

The tax purchaser does not forfeit his title by failing to take possession of the property purchased nor is he estopped from claiming the land. The transfer of ownership is effected by the tax sale. ·

3. **Louisiana Digest—Prescription—Par.** 22.

In order for one to acquire by the prescription of thirty years as against a tax title, they must have possessed the property for thirty years subsequent to the date 'on which their title was divested by the tax sale.

Appeal from Fourth Judicial District Court of Louisiana, Parish of Union. Hon. J. B. Crow, Judge.

Action by J. B. Faulkner against Margaret Rivers, et al., to be declared the owner of land.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Elder & Digby, of Farmerville, attorneys for plaintiff, appellee. . ,

H. G. Fields, of Farmerville, attorney for defendants, appellants.

ODOM, J. This is a petitory action.

Plaintiff alleges that he is the owner of east half of southeast quarter of section 3, township 21 north, range 2 east, under recorded title, and that the defendants, Margaret Rivers and Eli Rivers, are in possession of said land and are trespassers thereon and refuse to surrender possession thereof to him; and he prays that he may be adjudged the owner of the land and entitled to the possession thereof.

Defendant Eli Rivers, prior to answer, filed pleas of prescription of one, three, ten and thirty years.

Defendant Margaret Rivers filed a plea of vagueness, averring that plaintiff's demand is vague, indefinite and incomplete, and that she should not be required to answer until plaintiff set out fully the source of his title.

The court ordered plaintiff to state specifically what deeds he relied on as the basis of his title, but the record fails to disclose that he ever did so. However, the case went to trial without objection on this point.

Defendant Margaret Rivers filed a separate answer in which she denied that plaintiff is the owner of the land in ques-

tion, and averred that the deeds relied on by plaintiff are without force or effect as to her.

She admitted possession of the land, and set up title in herself and her co-defendant, Eli Rivers, and alleged that they had been in possession of the land for more than thirty years, and that at the time the pretended deeds were made to plaintiff she was one of the lawful owners of the property and in actual possession thereof, and:

"That the pretended tax deed relied upon by the plaintiff as the source of his title is without any force and effect for the reason that at the time the said tax deed was made the taxes thereon had been duly paid and the same therefore is null, void and of no force and effect."

Defendant Eli Rivers filed an answer in which he set up the same defenses as those of his co-defendant, with the following additional:

"That there was a dual assessment on said property at the time said deed was made."

Defendants later filed a joint answer in which they reiterated the former pleas of ownership, possession for more than thirty years, and their pleas of prescription.

The pleas of prescription seem to have been referred to the merits.

There was judgment for the plaintiff, decreeing him to be the owner of the land and entitled to the possession thereof, from which judgments defendants prosecute this appeal.

## OPINION

This appeal was lodged in this court more than three years ago but was held up, as we understand it, because no briefs were filed and the case was never argued orally. However, briefs were finally filed by counsel on both sides and the case submitted thereon.

The case was submitted with reference to· the record title of the parties in the abstract which, by agreement of counsel, was substituted for the deeds. The deeds were offered in evidence by reference only. Therefore the court has not the benefit of the recitals thereof.

The abstract filed shows only the chain of title. From it we find that the land in dispute was entered from the government in 1840 by Peter I. Harvey; he sold to James A. Harvey, according to the abstract, in May, 1852, but we conclude that the date given in the abstract is erroneous as to the year for, in December, 1842, James A. Harvey sold, by notarial act, to some parties named Hall. The chain of title from the government through the entryman ends in the last named purchasers.

From that date, 1842, when the land was purchased by the Halls, ·there· is a split chain of title.

On April 8, 1878, Leonard B. Miller sold the land to William H. Malone, and on February 24, 1880, Wilborn H. Malone sold the land to Mrs. Susan H. Malone, and she, in turn, sold it to Eli Rivers on January 28, 1881.

Eli Rivers, the vendee, was the husband of Margaret Rivers and the father of Eli Rivers, the other defendant in this case, and they claim title under this deed.

On the other side, the same land was sold in 1847 by William B. Cooper to I. A. R. VanHook; VanHook sold it in 1851 to N. D. Atkinson. One N. L. Atkinson, senior, sold it to Francis B. Atkinson in 1885. In 1916 the alleged and pretended heirs of Nathan L. Atkinson and Francis B. Atkinson sold to J. W. Elder, and through him, by mesne conveyances, the land passed to the present plaintiff.

There are various irregular and irrelevant transfers shown by the abstract, but they have no relation to or connection with the above chains of title relied on by the respective parties.

The plaintiff relies not only on the above chain of title through the Atkinsons but also upon a tax deed dated May 5, 1906, and recorded on May 24 of that year by which the sheriff and tax collector of Union parish sold the land to J. W. Elder for the taxes of 1905 due by Margaret Rivers, one of the defendants in this case, to whom the land was assessed in that year. It is upon this tax title which plaintiff mainly relies, and it is this tax title which is attacked by the defendants in the case on the ground that the taxes on the property for the year for which it was sold had been paid and that there was a dual assessment of the land.

Counsel for plaintiff says in brief that the deed from the Atkinson heirs to Elder was only a quitclaim obtained by him long after he acquired the property from the state through the tax collector. It is the tax title, therefore, to which our attention is mainly directed.

If the title obtained by plaintiff through his tax deed were eliminated we would unhesitatingly hold that the defendants' title is good, for the reason that Eli Rivers, husband of one of the defendants and father of the other, purchased the property in 1881, and under that recorded deed, presumably translative of property, he with his family took physical possession of the land described therein, presumably good faith and as owner, immediately thereafter, and occupied the same until his death some twenty years ago, and his family continued to occupy and possess it down to the date of the trial, and there is no proof in the record that the other claimant ever had more than that civil possession which resulted from the recordation of his deed.

But under the issues presented in this case the plaintiff's title must prevail.

An extract from the tax rolls for the parish of Union for the year 1905 shows that this property, together with one other forty-acre tract, was assessed to Margaret Rivers, one of the defendants, for that year. The valuation placed thereon was $150.00, with state, parish and levee taxes amounting to $3.15.

On May 5, 1906, the tax collector for said parish sold the property at tax sale to J. W. Elder for the unpaid taxes of the year 1905, due by Margaret Rivers, to whom it was assessed for that year. This sale was followed by the execution of a deed by the tax collector, which was duly recorded in the conveyance records of that parish on May 24, 1906.

By reference to the extract from the assessment rolls above referred to, we note that the taxes for the year 1905 were paid on May 31, 1906, but by whom is not shown.

The record does not show nor is it intimated that the property was ever redeemed from the tax sale by the tax debtor or anyone else for her. This sale ripened into title at the end of the period allowed by law for its redemption, or one year from the date of recordation of the deed.

Under all the jurisprudence, this tax deed, unchallenged and unattacked for informalities, must stand as a valid deed translative of the property described therein, and the presumption is that all things necessary to be done prior to and leading up to the sale, as well as the sale itself, were regular and according to law.

Therefore the plaintiff in this petitory action presents to the court a title emanating from a tax purchaser who held under a valid tax deed duly recorded.

As against plaintiff's title thus obtained, defendants set up their title obtained in 1881 coupled with corporeal possession. But conceding that their title was good as against the world, it was wholly divested by the tax sale followed by tax deed duly recorded, which ripened into title at the end of the redemptive period.

Defendants ask the court to hold that plaintiff's pretended tax deed relied upon as his source of title is without force or effect for the following reasons:

First, that at the time said tax deed was made the taxes on the land had been duly paid.

Second, that there was a dual assessment on the property at the time the sale was made; and,

Third, that defendants have been in actual possession of said land for more than three years from the date of said deed, and that, therefore, plaintiff is estopped by his silence and by his refusal to claim possession within the three years.

As to the first ground alleged, that of the previous payment of the taxes, the only evidence in the record of payment of taxes on the land for the year 1905 is found in the extract from the assessment rolls for that year. On that extract and as a part thereof are these words and figures: "Marked paid, 5-31-06."

Defendants do not contend that they paid the taxes nor is there anything to show by whom they were paid; but regardless of who made the payment, reference to the date of the tax deed will show that the payment was made twenty-six days subsequent to the sale. In order to defeat a tax title on the plea that the taxes had been paid, it must appear that the payment was made previous to the sale. Therefore, even if it should be contended that the defendants made the payment (and they make no such contention) that would not avail them for the reason that the taxes were paid subsequent to the sale. If, indeed, defendants paid the taxes assessed against the property for the year 1905, or if anyone else paid the taxes for them, they should have been able to offer some proof of that fact, and yet they did not even take the stand and swear that such payment was made.

On the second point, that there was a dual assessment of the property for that year, the record is likewise barren of proof of such assessment. It is shown that the property was assessed for the year 1905 to

Margaret Rivers. It is also shown that the same property was assessed to N. C. or N. L. Atkinson from 1870 to 1917, except the year 1905. It was the taxes for that year for which it was sold.

The tax rolls for the year 1905 were available, as is shown by the fact that there appears in the record an extract from the rolls for that year. If the property in dispute had been assessed to the Atkinson heirs or anyone else other than Margaret Rivers for that year that fact could have been easily proved. As the question of dual assessment was specially pled and made an issue by the defendants, it cannot be assumed that counsel overlooked such a vital point in the trial of the case.

Lastly, defendants urge the point that they have occupied the property for three years since it was sold for taxes and that plaintiff is now estopped from claiming the land never having taken any steps to possess it during that time.

Counsel in brief cites no authority in support of this contention. The adjudications are against him. The tax purchaser does not forfeit his title by failing to take possession.

Koen vs. Martin, 110 La. 242, 34 South. 429.

Lavedan vs. Chopin, 119 La. 1052, 44 South. 886.

The fact that the tax debtor remained in possession of the property sold did not operate to defeat the tax purchaser's title.

In the case of Hirst vs. Xeter Realty, Limited, 138 La. 398, and many other cases, the court held that the transfer of the ownership of property is effected by the tax sale and that in the absence of proof of irregularities a tax deed must stand as a valid transfer of the property described therein.

Under the express provisions of the Civil Code, Article 496:

"The ownership and possession of a thing are entirely distinct.

"The right of ownership exists independently of the exercise of it. The owner is not less the owner because he performs no act of ownership, or because he is disabled from performing any such acts, or even because another performs such acts without the knowledge or against the will of the owner."

And Article 3435 of the Civil Code, which provides that:

"Although the possession be naturally linked with the ownership, yet they may subsist separately from each other; for it may happen that the actual possessor is not the true owner."

See Mitchell vs. Stream, 48 La. Ann. 345, 19 South. 215.

The fact that defendants remained in possession of the property subsequent to the sale avails them nothing so far as the issues here presented are concerned. If plaintiff relied upon prescription to maintain his title the case would be altogether different; but he relies on his tax deed to show ownership.

It unquestionably shows that.

The tax deed is not in the record. It was introduced only by reference. But under the authority of the Xeter case, supra, the court must assume that the deed

was regular in form and translative of property.

But defendants attack the deed only on two grounds, and, as stated, they have utterly failed to sustain their position on either point; for there is not a syllable of proof that the taxes on the property were paid or that there was a dual assessment of the property for the year 1905.

As the record presented to us stands, the defendants have no title. The title under which they claim was divested by the tax sale. They are, therefore, possessors without title, and in order to acquire by prescription they would have to possess for thirty years subsequent to the date on which their title was divested, which they have not done.

For the reasons assigned, it is therefore ordered, adjudged and decreed that the judgment appealed from be affirmed with costs.