ODOM, Justice.
 

 This is a suit to confirm and quiet a tax title. The land involved is an undivided 3/8 interest in the S.E. 1/4 of the N.E. 1/4, Sec. 36, T. 9 S., R. 10 W., in Calcasieu Parish. The suit was brought by Stone, the purchaser at tax sale, against the heirs of C. D. Kimball and the Oil Lands Development Corporation, which now claims to be the owner of the land involved. C. D. Kim-ball was the tax debtor in whose name the property was assessed for the year 1926 and in whose name it was sold by the sheriff and tax collector on June 18, 1927. The tax collector executed a tax deed in favor of Stone, the purchaser, on August 18, 1927, and the deed was recorded in the conveyance records on the same date. The tax deed is regular in form. It recites that all of the formalities required by law for making tax sales were complied with.
 

 The suit was filed on May 31, 1939, almost 12 years after the deed was recorded. It was brought under and pursuant to the provisions of Act No. 106, page 423, of 1934, which is an act, according to its title:
 

 “To provide a manner of notice and form of proceeding to quiet tax titles in accordance with Section 11 of Article X of the Constitution.”
 

 Kimball, the tax debtor in whose name the property was sold, died prior to the date on which the suit was brought. His widow and heirs were’made defendants and cited. They filed answer, disclaiming any interest in the property for the alleged reason that C. D. Kimball, the tax debtor, sold the property to the Gayle Land Company, Inc., on. or about April 1, 1927, about two and one-half months prior to the date of the tax: sale. By their answer they eliminated themselves from the'suit.
 

 Plaintiff alleged, and the record shows, that the Gayle Land Company, which purchased the property from Kimball a short time prior to the tax sale in 1927, sold it to-the Oil Lands Development Corporation, on July 18, 1935, and its deed is recorded in the conveyance records. This corporation was cited as defendant.
 

 In its answer it attacked plaintiff’s tax title and sought to have it set aside. Its grounds of attack, as correctly set forth in the written opinion' of the trial judge, are these:
 

 “(1) That the plaintiff had abandoned and forfeited any claim which he may have had by reason of his neglect for 12 years to assert any rights under his alleged tax title.
 

 “(2) That the said C. D. Kimball was not the debtor for the taxes of 1926, the property having been conveyed by the said Kim-ball to the Gayle Land Company on April 1, 1927 before the tax sale [was made] on June 18, 1927.
 

 “(3) That the plaintiff was in fact not the adjudicatee at the said tax sale, but was made the adjudicatee by substitution, collusion and conspiracy on the part of A.
 
 *123
 
 T. Murphy and plaintiff to defraud the defendant and prior owners of the property out of the title thereto.
 

 “(4) That the taxes on this property for the year 1926 were actually paid under an assessment in the name of A. T. Murphy prior to the date of the said tax sale.”
 

 Alleging that it had paid the taxes on the land for a number of years subsequent to the date of the sale, the Oil Lands Development Corporation reconvened, praying for judgment against plaintiff for the amount of the taxes paid.
 

 There was judgment for plaintiff, confirming and quieting his tax title, and judgment for the defendant corporation on its reconventional demand for the amount of taxes claimed to have been paid. From this judgment the defendant corporation appealed. Plaintiff did not appeal from the judgment in favor of defendant, nor has he answered the appeal
 

 Plaintiff in bringing this suit followed in every detail the provisions of Act No. 106, page 423, of the Acts of 1934, which provides the method of quieting and confirming tax titles. In doing so he invited attacks upon his tax title. Within the time prescribed by the act, the defendant corporation, which now claims title to the property involved, filed its answer attacking plaintiff’s title. This it had the right to do. Fellman v. Kay et al., 147 La. 953, 86 So. 406; Regina Lumber Co. v. Perkins, 175 La. 15, 142 So. 785.
 

 Plaintiff alleged that his tax title was valid and pleaded the prescription of three and five years, as provided in Section 11 of Article X of the Constitution, against all attacks on its validity.
 

 The settled rule which has been repeated over and over again by this court is, in substance, that those who hold property under tax deeds containing recitals that all the formalities prescribed by law for making tax sales were complied with may rely upon such deeds as prima facie evidence of valid conveyances of the property to them, and that such sales must stand until overthrown. Ward et al. v. South Coast Corporation et al., 198 La. 433, 3 So.2d 689, and the numerous cases therein cited.
 

 Those who attack the validity of such sales carry the burden of showing that they are invalid. The defendant corporation which attacked this tax sale attempted to discharge that burden. Its attempt is an utter failure, and the tax title must stand. Such was the ruling of Judge Hood, who in his elaborate and most able written opinion correctly stated all the facts involved and gave sound, legal reasons for his conclusion that defendant’s attack upon this tax sale cannot be sustained.
 

 Counsel for defendant in his brief argues that the judge erred in not sustaining his contention that the plaintiff has forfeited any right which he may have acquired to the property by virtue of the tax sale because of his failure to assert his rights prior to the date on which this suit was filed. The property involved is what is known as wild land and was in the corporeal possession of no one at the time of the sale. It is true, as counsel says, that
 
 *124
 
 plaintiff did not take corporeal possession of the property following his purchase, nor has he ever had corporeal possession of it. The only possession he has now, or has ever had, is the civil or constructive possession which resulted from the recordation of the tax deed. An effort was made to show that the defendant corporation is now in corporeal possession of the property. The record, in our opinion, does not show that. But, even if it did, it is certain that the record does not show that either it or its author in title had corporeal possession of the property during the constitutional prescriptive period immediately following the sale.
 

 The judge correctly held that corporeal possession by one who has bought property at a tax sale is not necessary to give effect to Section 11, Article X of the Constitution, which provides that suits to set aside such sales, for any cause other than the payment, prior to the date of the sale, of the taxes for which the property was sold, are barred by the lapse of five years from the date of the recordation of the tax deed (three years under the Constitution before it was amended in 1932), and that the civil or constructive possession which arises from the registry in the conveyance records of a tax deed suffices to give effect to that section of the article. His ruling is supported by the following cases: Ashley Co., Ltd., v. Bradford, 109 La. 641, 33 So. 634; Koen v. Martin, 110 La. 242, 34 So. 429; Slattery v. Kellum, 114 La. 282, 38 So. 170; Lavedan v. Choppin, 119 La. 1056, 44 So. 886; Hirst v. Xeter Realty Co., 138 La. 398, 70 So. 339; Hart Land & Imp. Co. v. Kelly’s Heirs, 145 La. 349, 82 So. 366; Faulkner v. Rivers et al., 4 La.App. 61; Byrne v. Commercial Security Co., 7 La. App. 667.
 

 In support of counsel’s contention as relates to this particular point, he cites Slattery v. Heilperin & Leonard, 110 La. 86, 34 So. 139, and Head v. Howcott Land Co., Ltd., 119 La. 331, 44 So. 117. These cases are not in point. In the Slattery case, it was held on first hearing that Slattery, the tax purchaser, had no vestige of title to the land he claimed because at the time of the tax sale the land had not been severed from the national domain. On second hearing, it seems to have been conceded that title to the land was not in the government at the time of the tax sale, but it was held that the tax sale was null and void and, therefore, that Slattery had no valid claim to the property. In the Howcott case, Bogel, the tax debtor, was in possession of the land at the time the sale was made and seems to have remained in possession until he sold it, and his vendee and successors in title remained in possession until the date on which the suit was filed. In each of the cases the court stated that it looked with disfavor upon the claims of tax purchasers who take no steps during a long period of time to possess the property. In the Slattery case, the tax purchaser waited for more than 20 years to assert title, and- in the Howcott case the sale was made in 1880, and the tax purchaser’s suit to determine the question of ownership was not filed until considerably more than 20 years had elapsed, during which time he neither claimed nor took steps to possess the property
 

 
 *125
 
 Defendant’s second ground of attack is that C. D. Kimball was not the tax debtor for the taxes of 1926. The basis of this ground of attack is that Kimball sold the land to the Gayle Land Company on April 1, 1927, about two and one-half months before the property was sold for taxes. The facts are that the property was assessed to Kimball on the rolls of 1926, and there is no evidence whatever that he or anyone else paid the taxes for that year. The deed by Kimball to the Land Company recites that the production of “Tax Collector’s certificate, or his receipts for the taxes for the three preceding years, are dispensed with by the parties hereto”.
 

 There is no merit in plaintiff’s third contention, which is that plaintiff Stone was not in fact the adjudicatee of the property, but that A. T. Murphy was. The deed itself shows that Stone was the adjudicatee, and, even if it be true, as counsel argues, that Murphy bid in the land and later had the deed made out to Stone, that was an irregularity, if it may be called such, which was cured by prescription.
 

 As to defendant’s fourth and last contention, which is that the taxes on the property for the year 1926 were actually paid prior to the sale, it suffices to say that the defendant corporation did not prove that the taxes were paid. Counsel for defendant says in his brief that it is a question as to whether or not the taxes were paid prior to the sale, that there is a serious doubt about it, and that the doubt should be resolved in favor of the defendant. In regard to counsel’s suggestion that the doubt as to whether the taxes were paid should be resolved in favor of the defendant, our answer is that the burden of proof that such payment was made rested upon defendant, and that it failed to discharge that burden. As touching this particular point, the trial judge said in his written opinion that “The testimony in support of this contention is vague and in the opinion of this Court has not been established to that degree of certainty required by law”. We concur in his view.
 

 For the reasons assigned, the judgment appealed from is affirmed.