HARDY, Judge.
Plaintiff brought this suit for the purpose of setting aside a tax sale which was made by the Sheriff of Franklin Parish on November 5, 1938. Plaintiff alleges he occupied the property as a homestead prior to the sale and that a homestead exemption which was executed before April 15, 1937, relieved him of all obligations for taxes due. In further support of his position plaintiff alleged that no notice of the advertisement and proposed sale of the property for taxes was given; that there was an overcharge in the cost of advertising and in the amount of interest collected by virtue of the tax sale, and, finally, and most important, that the sale was made on the assessment of a tenth of the taxes due for the *28 year 1930, in view of which the lien for same had prescribed.
All of plaintiff's claims as above outlined were denied by defendants, who have further pleaded the constitutional preemption of five years.
After trial there was judgment annulling the tax sale from which defendants have appealed.
The facts are that under the provisions of Act No. S, § 2, of the Extra Session of 1927, Dart’s Statutes, § 8425, providing for the postponement of taxes in the event of a. public calamity which would burden a taxpayer with unwarranted hardship, plaintiff made application for postponment of his taxes for the year 1930. The Police Jury of Franklin Parish had authorized the postponement of the taxes for the said year and plaintiff’s application for extension was granted. In accordance with the provisions of the Act of 1927 the Tax Assessor for Franklin Parish assessed one-tenth of the 1930 taxes against plaintiff’s property for the years subsequent to 1930.
In consideration of plaintiff’s homestead exemption, application for which was made and approved in 1937, the only assessment for taxes against plaintiff’s property for the year 1937 was the one-tenth installment of. the taxes which had been levied in 1930.
The homestead exemption was incorporated in the constitution of the State of Louisiana by amendment in 1934. Accordingly, plaintiff contends that the constitutional exemption as provided by paragraph 9, Section 4, Article 10 of the Constitution was retroactive to the extent that the one-tenth installment of taxes for the year 1930, which was assessed in 1937, was included in the homestead exemption provision, as the result of which plaintiff owed no taxes on his property of any nature, kind or character for the year 1937.
The record in the case before us convinces us with respect to plaintiff’s other claims that he did receive notice with respect to the advertisement and proposed sale of his property for the tax assessed in 1937 and that the Sheriff of Franklin Parish followed the prescribed statutory procedure with respect to the advertisement, adjudication and sale. Nor does the record bear out plaintiff’s claims as to the' overcharge in cost of advertising and interest.
These findings of fact dispose of all questions involved with the exception of the one noted above bearing upon the effect of the constitutional exemption.
We do not think plaintiff’s position is well taken. There is nothing in the constitutional provision bearing upon homestead exemptions which indicates that it was intended to have retroactive effect. Article 8 of the Civil Code declares:
“A law can prescribe only for the future; it oan have no retrospective operation, nor can it impair the obligation of contracts.”
It is quite true that under the modifications Of our jurisprudence laws may be applied retrospectively provided such application does not result in impairing the obligation of contracts nor the abrogation of vested rights. But it appears to be well established that the intention of the lawmakers to give retroactive effect to a statute must be expressed in clear and unambiguous terms. City of New Orleans v. Vergnole, 33 La.Ann. 35; City of New Orleans v. Poydras Orphan Asylum, 33 La.Ann. 850.
The constitutional amendment of 1934 does not in any sense even imply an intention of retrospective effect. In our opinion it would be a strained and exceedingly tenuous construction to hold that the amendment abrogated and annulled the right of the State to collect taxes which had been deferred by a beneficent act of the legislature in the interest of the taxpayer long prior to the adoption of the constitutional amendment.
We think the point has been particularly well covered in the opinion of the Supreme Court in Louisiana & New Orleans Ice Co. v. Parker, Tax Collector, 42 La.Ann. 669, 7 So. 898. The cited case was an action by plaintiff company to enjoin the seizure of its ice factory by the State Tax Collector for taxes due in the year 1888 on the ground that the amendment to Article 207 of the Constitution exempted said property from *29 taxation and was in force when the tax was levied. The facts showed that due to a delay by the Assessor in filing the tax rolls the constitutional amendment exempting the property from taxes was promulgated prior thereto. ■The court specifically held:
“The amendment to article 207 of the constitution did not operate retroactively and exempt the property for'the tax which rested on it prior to its exemption. State ex. rel. Stern’s Fertilizer & Chemical Mfg. Co. v. City of New Orleans, 40 La.Ann. 697, 4 So. 891.”
The above, in our opinion, is a correct and appropriate expression of law. ' In the instant case the taxes against plaintiff’s property for the year 1930 were levied and payment was due, in said year.' The fact that plaintiff was accorded the consideration of postponement of the taxes under a provision which spread the payment in installments over a period of ten years did not change the status of the tax nor plaintiff’s liability therefor. And since there is not the slightest indication that the constitutional amendment providing for homestead exemption was intended to be retroactive, we cannot conceive that it should be • accorded the effect of relieving plaintiff of any taxes except those which might be levied subsequent to the adoption of the amendment.
In view of the conclusion we have reached on the point aJbove discussed, which we think definitely disposes of the case, it seems unnecessary to undertake the -consideration of defendant’s alternative contention bearing upon the asserted impairment of the obligation of contracts.
As to defendant’s plea invoking the constitutional preemption of five years, we call attention to the fact that this plea is appropriate only for the -purpose of overcoming the effect -of irregularities or in-formalities in -connection with tax sales. Since we have found that all requirements of law were followed, this plea has no application.
For the reasons assigned the judgment appealed from is reversed, annulled and set aside and there' is now judgment in favor of defendants, rejecting plaintiff’s demands at his cost.
KENNON, J., dissents and assigns written reasons.