GLADNEY, Judge.
, This is a petitory action brought by Mrs. Nellie' Stevens against the defendant who went into possession of the property in dispute in 1946. Both litigants trace their claims of ownership ‘tó tax titles. After trial, judgment was rendered in favor of defendant and plaintiff perfected an appeal to this court. '
■ In order to comprehend the titles herein involved we catalogue below the material title references: . •
Travis Campbell purchased the property in dispute on June 26, 1937, at a tax sale, the property being then assessed to Nelson Burk, for the unpaid 1936 taxes and .4 of the 1930 taxes. ■ The tax deed was recorded in the conveyance records of Webster Parish on June 29, 1937, in Volume 118, page 519. Metz Abbitt purchased the property in dispute on June 25, 1938, at a tax sale for the unpaid taxes of 1937, which property was assessed in the name of Nelson Burk. The tax deed was duly recorded in the Conveyance records of Webster Parish on June 30, 1938, in Volume 130, page 587. On January 6, 1943, Metz Abbitt sold the property to Iva E. Johnson. On August 31, 1945, Iva E. Johnson sold the property to Mrs. Nellie Stevens. On March 19, 1946, Travis Campbell sold the property to Melvin F. Johnson. The property that is the subject of this dispute is described as follows:
“The Northwest Quarter of the Northwest Quarter (NWj4 of NWJ4), Section 19, Township 17 North, Range 10 West, Webster Parish, Louisiana, containing 38]4 acres, more or less.”
The evidence adduced upon the -trial shows that prior to the sale to • Campbell and thereafter until his death Nelson Burk resided upon the property and exercised corporeal possession thereof. Burk died on January 6, 1946, shortly before the defendant purchased the property. Travis Campbell testified he never exercised any possession over the property. Abbitt gave rather unsatisfactory testimony that Burk paid him rental on the property for three years following his acquisition in 1938. It was shown in testimony by a deputy tax collector, and conceded by plaintiff, that in giving the legal notice required under Section 11 of Article X of the Constitution of 1921, LSA and LSA-R.S. 47:2180, such notice was given to Nelson Burk and not to the owner of record at the time of the sale, Travis Campbell.
The issue presented is whether the tax deed in favor of Metz Abbitt through which plaintiff traces her title, must be considered valid. If this tax sale has been cured by the constitutional peremption contained in Section 11 of Article X of the Constitution of 1921 plaintiff’s title would have to be. regarded as superior to that of the defendant.
The defendant first - attacks plaintiff’s position on the ground that in the tax sale to Abbitt notice was not given to the record owner and therefore, the sale was a nullity; and secondly, it is charged that such sale was ineffectual because Nelson Burk was in physical possession of the property at the time of the sale and thereafter for many years. If the tax sale to Abbitt can thus be set aside, the title of defendant would have, to be judicially recognized.
The Constitution of 1921, Article X, Section 11 thereof, as amended, provides in part:
“No sale of property for taxes shall be set aside for any cause, except on proof of payment of the taxes for which the property was sold prior to the date of the sale, unless the proceeding to annul is instituted within six months from service of notice of sale, *467 which notice shall not he served until the time of redemption shall have expired and within five years from the date of the recordation of the tax deed, if no notice is given. * * * ” (Emphasis supplied.)
The statute is one of peremption and after the lapse of the five year period the right to attack a tax sale is foreclosed, subject to the exception therein stated. An additional exception is found in our jurisprudence holding that during the .time-the tax debtor and record owner of the property corporeally retains the possession of the property the period of. peremption is suspended in his favor. Therefore, except in those two instances, unless an action of nullity is brought to set aside a tax sale within the constitutional peremption period the right to do so is lost. The courts of this state have repeatedly held that after the lapse of the five year period a tax sale is immune from attack subject to the exceptions enumerated. See: King v. Moresi, 1953, 223 La. 54, 64 So.2d 841, 842; Yuges Realty, Ltd. v. Jefferson Parish Developers, 1944, 205 La. 1033, 18 So.2d 607, 609; Egle v. Constantin, 1941, 198 La. 899, 5 So.2d 281, 287; Magnolia Petroleum Company v. Marks, 1954, 225 La. 805, 74 So.2d 36.
The Supreme Court in Guillory v. Avoyelles Ry. Company, 1900, 104 La. 11, 28 So. 899, 901, stated:
“When a statute creates a right of action, and stipulates the delay within which that right is to be executed, the delay thus fixed is not. properly speaking, one of prescription, but it is one of peremption. Statutes of prescription simply bar the remedy. Statutes of peremption destroy the cause of action itself. That is to say, after the limit of time, expires the cause of action no longer exists; it is lost. Hs h= * '
The failure to give the required legal notice to the owner pf record, Travis Campbell, was cured by the lapse of five years from the ■ date of recordation , of Abbitt’s tax deed.
The Supreme Court in Ward v. South Coast Corporation, 1941, 198 La. 433, 3 So.2d 689, observed that the assessment of land in the name of one not the owner and its forfeiture for taxes was an irregularity for which the forfeiture might have been successfully attacked' within the period of peremption designated by the statute and the Constitution, but as the forfeiture was never attacked the irregularity was cured by the period of peremption. Thus, those having the right to oppose the forfeiture of the property for the taxes for the year 1937 to Metz Abbitt had a period of five years within- which to bring an action of nullity. No direct attack has ever - been made on the tax sale.
Respondent points out that the tax sale to Travis Campbell was legal in every respect. Plaintiffs agree that this is so. The effect of this sale was to divest Nelson Burk of title and inscribe Campbell as record owner. Since the proceedings relative to the sale were in all respects valid the only remedy of Burk was. the right of redemption, a right which he never exercised. The possession of Burk never inured to the benefit of Campbell. Campbell testified he never had any possession of the property. The position of Burk was similar to that of Meshell in Meshell v. Bauer, 1949, 215 La. 619, 41 So.2d 237, where, the court having observed' that Meshell was not the tax debtor and record owner of the property, his physical' detention of the property for a period of' over thirty years could not avail him. The-court said such possession could not be pleaded against the efficacy of a tax sale-made in the name of the. record owner. This court has on several occasions held', the Constitutional peremption of five years, is not -available as a plea against a tax sale where there was compliance with all legal-requirements in the sale of the property. Jackson v. McEacharn, La.App., Second Circuit 1950, 50 So.2d 27. The same holding was reached in Reed v. Stinson, La.App., Second Circuit. 1939, 188 So. 509, 512, wherein Judge. -Taliaferro, of this court,., said:
*468 “When the law regulating the manner and method of divesting ownership because of non-payment of taxes has been complied with, and all legal conditions precedent to a tax sale have been met by officials charged with such duties, as was done in the present case, the purchaser of the property acquires a good and valid title thereto, subject to the right to redeem within three years. He need not call to the aid of his title any statutory or constitutional prescription or peremption in order to give it legal vitality or imbue it with the qualities needful to a complete transition of title.”
The opinion of the judge a quo was that the continuous possession of Nelson Burk, who prior to 1937 was the record owner of the property, precluded Abbitt from obtaining a valid tax title to this property. But, as pointed out herein, Burk was not the record owner of the property at the time of the sale to Abbitt and we are bound to notice manifest error in the judgment complained of.
The contention was made that the period of peremption does not accrue in favor of the tax purchaser unless he takes possession thereof. A complete answer thereto is found in Cortinas v. Murray, 1954, 224 La. 686, 70 So.2d 589, 591, wherein the Supreme Court said:
“There is no legal basis for the maintenance of this plea. It is settled by a long line of cases that a tax purchaser is not required to take corporeal possession of the property; it suffices, in cases of vacant land, for him to record his tax deed which results in giving him civil or constructive possession and is all that is required to entitle him to the protection of the constitutional peremption. See Ashley Co. Ltd. v. Bradford, 109 La. 641, 33 So. 634; Koen v. Martin, 110 La. 242, 34 So. 429; Slattery v. Kellum, 114 La. 282, 38 So. 170; Lavedan v. Choppin, 119 La. 1056, 44 So. 886; Hirst v. Xeter Realty Co., 138 La. 398, 70 So. 339; Hart Land & Improvement Co. v. Kelly’s Heirs, 145 La. 349, 82 So. 366 and Stone v. Kimball’s Heirs, 199 La. 240, 5 So.2d 758.”
Counsel for defendant has directed our attention to the rule a plaintiff in a petitory action must rely upon the strength of his own title and not on the weakness of his adversary. The effect of this opinion is to point out that after the five year peremption period passed without any attack by the record owner and tax debtor, Travis Campbell, the fact notice was not given to Campbell was immaterial and the sale was immune from future attack. The record does not convince us either Campbell or Abbitt was in physical possession during the stated period of peremption. We, therefore, conclude that plaintiff is entitled to have her title recognized and to be restored to possession of the disputed property.
In defendant’s answer there appears a reconventional demand for $450.00 itemized as being for taxes, house repairs, fencing and a survey. This court had occasion to pronounce in Jackson v. Bernstein, La.App., Second Circuit, 1948, 39 So. 2d 120, 123.
“Section 11, Article X of the Constitution of 1921, concerning tax sales, in part, reads as follows:
“ ‘No judgment annulling a tax sale shall have effect until the price and all taxes and costs paid, with ten per cent per annum interest on the amount of the price and taxes paid from date of respective payments be previously paid to the purchaser; * * *
“The quoted language is free from ambiguity. It has been enforced as written in all cases wherein application of it was found to be proper. The following cases are in point: Gomez v. Wilde, 135 La. 204, 65 So 109; Westwego Canal & Terminal Company, Inc., v. Pitre, 195 La. 107, 196 So. 36; Westwego Canal & Terminal Company, Inc., v. Pitre, 197 La. 374, 1 So.2d 550.
*469 “But, does the right conferred by the quoted part of the Constitution, that is, the right to demand reimbursement of taxes, etc., plus interest, as a condition precedent to cancellation of the null tax deed, extend to the vendee of the tax purchaser? We think not. The quoted provision seems to put this beyond doubt. It plainly says that the taxes, etc. ‘be previously paid to the purchaser’, before the cancellation shall be authorized.”
This ruling was referred to with approval in the case of Thurmon v. Hogg, 1954, 225 La. 263, 72 So.2d 500. Defendant’s claim for reimbursement for house repairs, fencing and a survey must be disallowed inasmuch as the supporting evidence is not satisfactory.
It follows from our findings the judgment from which appealed should be reversed. It is therefore, ordered adjudged and decreed that there be judgment in favor of plaintiff, Mrs. Nellie Stevens, and against Melvin F. Johnson, defendant, decreeing said plaintiff to be the true and lawful owner of the following described property, to-wit:
“The Northwest Quarter of the Northwest Quarter (NWJ4 of NWJ4)) Section 19, Township 17 North, Range 10 West, Webster Parish, Louisiana, containing 38j4 acres, more or less,”
and as such entitled to the full arid undisputed possession thereof. It is further ordered that defendant deliver possession of said property to plaintiff. It is further ordered that defendant’s reconventional demand be denied and that he pay all costs of this suit, including cost of this appeal.