277 So.2d 520 (1973)
Edward M. MAYO, Administrator of the Estate of Mabel Arnett Putnam
v.
Marcella Prieto STOESSELL et al.
No. 9291.
Court of Appeal of Louisiana, First Circuit.
April 9, 1973.
Rehearing Denied May 29, 1973.
Amos L. Ponder, Jr., New Orleans, for appellant.
Oliver P. Carriere, Jr., New Orleans and Ernest Prieto, Covington, for appellees.
*521 Before SARTAIN, BLANCHE and WATSON, JJ.
BLANCHE, Judge.
Plaintiff, Edward M. Mayo, Administrator of the Estate of Mabel Arnett Putnam, instituted this suit on November 8, 1968, against the heirs of Ernest Prieto seeking to have declared as nullities two tax sales, one for 1937 taxes and another for 1939 taxes, for unpaid state and parish taxes on real estate situated in St. Tammany Parish, Louisiana. The heirs of Ernest Prieto who are named as defendants herein are as follows: Marcella Prieto Stoessell, Preston Thomas Sharp Prieto, John Clay Francis Prieto, Marion Prieto Moore, Margery Moore Hanisee, David Michael Moore and Marie Anne Mauboules Moore. Subsequently, on July 7, 1972, an intervention was filed by Arthur F. Dumaine, Administrator of the Estate of Israel Mercer Putnam, praying for the same relief sought by plaintiff.
Defendants filed an "Exception of Peremption and/or Prescription" contending that the cause of action of plaintiff and intervenor was perempted and/or prescribed under the provisions of Article 10, Section 11 of the Louisiana Constitution of 1921, as amended, in that more than five years had elapsed since the tax sales were filed of record. On the trial of this exception, the court heard argument of counsel and documentary evidence was introduced. Thereafter, judgment was rendered by the trial court maintaining the exception of peremption, dismissing plaintiff's suit and the intervention. From this judgment plaintiff and intervenor have devolutively appealed. We affirm.
Appellants contend on appeal that the trial judge erred (1) in failing to hold that the 1939 tax sale was an absolute nullity and not protected by the above-mentioned constitutional provisions and (2) in failing to hold that the provisions of LSA-R.S. 47:2181 and R.S. 47:2186[1] were mandatory, were not complied with and that no title was transferred, no rights created and same is not cured by the lapse of five years.
The basis upon which appellants originally sought to have the tax sales declared as nullities concerned (1) the lack of proper description of the property in the 1937 tax sale as well as (2) the price differential in the advertised or assessed price and the sales price, as to both the 1937 and 1939 tax sales. However, counsel for appellants do not seriously pursue the argument concerning the accuracy of the property description, conceding that the rule of law in Louisiana regarding descriptions contained in tax sales is liberal.
Therefore, the sole issue presented by this appeal is whether the five-year peremption of Article 10, Section 11 of the Louisiana Constitution of 1921, as amended, cures a tax sale of property which was sold for less than the taxes due or advertised thereon.
The applicable provision contained in Article 10, Section 11 of the Louisiana Constitution of 1921, as amended, provides as follows:
"No sale of property for taxes shall be set aside for any cause, except on proof of payment of the taxes for which the property was sold prior to the date of the sale, unless the proceeding to annul is instituted within six months from service of notice of sale, which notice shall not be served until the time of redemption shall have expired and within five years from the date of the recordation of the tax deed, if no notice is given. * * *"
The identical factual situation was involved in the case of Close v. Rowan, 171 La. 263, 130 So. 350 (1930). The tax sale in that case was attacked as being null and void on several grounds, one of which was *522 that the property was sold at a tax sale for less than the tax due thereon. The Louisiana Supreme Court in that case noted that the Constitution of 1921 provided for only one exception to the course of peremption, namely, the prior payment of taxes, and that the jurisprudence had recognized another exception, namely, where the sale is made without any assessment. See Mecom v. Graves, 148 La. 369, 86 So. 917 (1921), and Guillory v. Elms, 126 La. 560, 52 So. 767 (1910). Because the sale of property for an amount less than the taxes due thereon was neither an exception in the constitutional provision nor one established by the jurisprudence, the Court applied the three-year peremptive period and rejected the attack on such grounds.[2]
Recently in Jackson v. Hanna, 206 So.2d 779 (La.App. 2nd Cir. 1968), there appeared an excellent summary of exceptions to the five-year period of peremption provided for by Article 10, Section 11 of the Constitution. In that case Judge Gladney of the Second Circuit Court of Appeal, after a thorough examination of the Constitution and the jurisprudence relative thereto, stated:
"The exceptions of peremption which may arise under the constitutional provision are set forth in a great number of cases found in our jurisprudence which recognizes only three causes for which a debtor may set aside a sale of property for taxes after the lapse of five years after date of registration of the tax deed and these are: prior payment of taxes, continued physical possession by the debtor, and no assessment. Choate v. O'Brien, La.App., 163 So.2d 157 (4th Cir. 1964); Ewald v. Hodges, 239 La. 883, 120 So.2d 465 (1960); Mansfield Hardwood Lumber Company v. Butler, 234 La. 322, 99 So.2d 129 (1958); Staring v. Grace, La.App., 97 So.2d 669 (1st Cir. 1957); Stone v. Kimball's Heirs, 199 La. 240, 5 So.2d 758 (1942); Ward v. South Coast Corporation, 198 La. 433, 3 So.2d 689 (1941); Close v. Rowan, 171 La. 263, 130 So. 350 (1930)." (Jackson v. Hanna, 206 So.2d 779, 784)
We note in the "Reply Brief" of plaintiff and intervenor, which actually is a reply to nothing in defendants' brief, that it is argued that strong public policy demands that the correct amount of taxes be collected, inasmuch as the state's fiscal integrity is based upon assessment and taxation and that any tax sale for a lesser amount is an absolute nullity. This strong public policy, they state, is expressed in LSA-R.S. 47:2186, which requires that bids accepted in tax sales shall be at least equal to the taxes, costs and interest and if otherwise the tax collector shall bid the property in for the state, and LSA-R.S. 14:134, which would, they argue, make the sheriff guilty of nonfeasance in office should he fail to comply with the mandatory provision in R.S. 47:2186 to bid the property in for the state. We believe other public policy considerations to be more imposing.
Approximately thirty years ago defendants purchased the property at a tax sale. The plaintiff administrator of a Georgia estate instituted this action to set aside the tax sales, to be recognized as the owner of the subject property and prayed for an accounting of all monies received by them from the sale of land and timber as well as for all bonuses, rentals and royalties for the leasing of said land over a period of many years. In this connection, counsel for defendants calls our attention to an observation made long ago by Justice Poche in the case of LaFitte, Dufilho & Co. v. Godchaux, 35 La.Ann. 1161 (1883):
"The genius of our law does not favor the claims of those who have long slept on their rights, and who, after years of inertia, conveying an assurance of acquiescence in a given state of things, suddenly wake up at the welcome vision of an unexpected advantage and invoke the *523 aid of the courts for relief, under the effect of a newly discovered technical error in some ancient transaction or settlement." (LaFitte, Dufilho & Co. v. God-chaux, 35 La.Ann. 1161, 1163, 1164)
We believe the peremptive period of various Louisiana Constitutions was created to eliminate such a situation and to set at rest, once and for all, titles to property sold by the state for the nonpayment of taxes. The public policy behind the present five-year prescription provided in the Constitution is well stated in the case of Ashley Co. v. Bradford, 109 La. 641, 33 So. 634 (1902), also cited to us by counsel for defendants:
"* * * [V]ast areas of land in the state had been practically abandoned, or forfeited to the state for nonpayment of taxes by the record owners; that these forfeitures had been going on for a quarter of a century or more; that the lands affected by the same were contributing nothing to the support of the state and parochial government, the discharge of the public indebtedness, or to the maintenance of the levee system * * *.'
"Private ownership of the lands affected by this condition of affairs was what was aimed at, to the end of their settlement and improvement, the development of their resources, and making them contribute to the support of the fisc. But owing to the precarious character of the ordinary tax title, in the popular mind, this presented a problem of much difficulty.
"So the framers of the Constitution cast about to devise some method of solution, some way of creating public confidence in the validity of the tax titles affecting the lands referred to, and in the validity of tax titles generally, and the result of their labors was embodied in the second clause of article 233 of the Constitution. It was intended to announce a future public policy of the state with reference to tax-title tenure of lands." (Ashley Co. v. Bradford, 33 So. 634, 639)
Lastly, we refer to the argument of counsel for appellants in their "Reply Brief" that the trial court failed to consider the proposition "that if the property had been properly adjudicated to the State for 1933 taxes, then the tax sales for 1937 and 1939 taxes were absolute nullities because title was, at those times, in the State, not the falsely assessed `tax debtor.'" (Emphasis supplied) That issue was not raised by any pleading filed by plaintiff or intervener and was not even made an assignment of error in this court. Though argued in appellants' brief, briefs are merely written arguments and form no part of the pleadings. Chase v. Davis, 20 La.Ann. 201 (1868). We decline to consider the matter.
For the above and foregoing reasons, the judgment of the trial court is affirmed, at the cost of appellants.
Affirmed.
NOTES
[1] These articles concern the advertisement for sale and adjudication of immovable property to the state for delinquent taxes.
[2] The three-year period was extended to five years by an amendment to the Louisiana Constitution by Acts 1932, No. 147, adopted November 8, 1932.