CHASEZ, Judge.
Herman Acosta, Ben Acosta, Arthur Acosta, Mr. and Mrs. Dennis Acosta, Edward Couture, Joseph F. Campo, Joseph Estopinal, Frank M. Fernandez, Jr., Nicholas Gonzales, Philomene Gonzales, Tony Guerra, Ivy Landry, Ruth Robinson Leon, Charles- Leon, Benjamin Molero, Louis Molero, Steven Molero, Walter Molero, Alex Nunez, August Nunez, Harry Nunez, John M. Nunez, Leon Nunez, Roger T. Nunez, Domingo Rano, Benjamin P. Robin, Jr., John Robin, Joseph N. Robin, Raymond N. Ritter, Anthony Serigne, Malcolm Serpas and Walter Younger, plaintiffs in this proceeding, all property owners and tax payers of the Parish of St. Bernard on behalf of themselves and others similarly affected, have filed suit against the Board of Commissioners of the Lake Borgne Basin Levee District, Louis Vinsanau, Tax Assessor for the Parish of St. Bernard and John F. “Jack” Rowley, Sheriff and Ex-Officio Tax Collector for the Parish of St. Bernard, attacking the constitutionality of the ordinance adopted by the Board of Commissioners of the Lake Borgne Basin Levee District, acting as the governing authority of the Lake Borgne Levee District, levying and imposing for the year 1966 a forced contribution of 50 cents on each and every acre, or separately owned fraction-acre, of land within the district. Under the terms of the ordinance said forced contributions were levied against the properties owned by petitioners and others and entered on the assessment rolls of the Parish of St. Bernard by Louis Vinsanau, the Assessor of the Parish, the same becoming due and exigible as of December 31, 1966.
The petitioners attacked the constitutionality of this ordinance and the described forced contributions as being viola-tive of Article 10, Section 1 of the Constitution of the State of Louisiana and Article 1, Section 8 of the United States Constitution and the 5th and 14th Amendments of the United States Constitution. Petitioners prayed that the assessments be ordered cancelled and the Sheriff and Tax Collector for the Parish of St. Bernard be enjoined from collecting them because they are illegal and unconstitutional.
An exception of no cause of action was filed herein by defendants to the plaintiff’s petition and, on the 24th of January, 1967, there was judgment maintaining the exception and dismissing plaintiffs’ demands at their costs. From this judgment the *21 plaintiffs appealed to the Court of Appeal, Fourth Circuit.
We are of the opinion that the Court of Appeal, Fourth Circuit, does not have jurisdiction of this matter. Article 7, Section 10 of the Constitution of Louisiana provides as follows:
“The following- cases only shall be ap-pealable to the Supreme Court:
(1) Cases in which the constitutionality or legality of any tax, local improvement assessment, toll or impost levied by the state or by any parish, municipality, board or subdivision of the state is contested ; * *
******
Under the circumstances this Court necessarily must hold that it has no jurisdiction over this appeal.'
Article 2162 of the Code of Civil Procedure provides:
“An appeal can be dismissed at any time by consent of all parties, or for lack of jurisdiction of the appellate court, or because there is no right to appeal, or if, under the rules of the appellate court, the appeal has been abandoned.
“If an appeal is taken to an appellate court which has no jurisdiction over it, the court may transfer the appeal to the proper court, upon such terms and conditions as it may prescribe. If an appeal is transferred to the supreme court in error, the supreme court may transfer or retransfer it to the proper court.”
Accordingly, under the provisions of the above quoted Article of the Code of Civil Procedure, we now transfer this appeal to the Supreme Court of Louisiana, said transfer to be effected by appellant within sixty days from date hereof, otherwise the appeal is to stand as dismissed.
Transferred to Supreme Court of Louisiana.