SANDERS, Justice.
Property owners[1] in wards six and seven of St. Bernard Parish brought this injunction suit against the Board of Commissioners of Lake Borgne Basin Levee District, Louis Vinsanau, Tax Assessor, and John F. Rowley, Sheriff and Ex-Officio Tax Collector, of St. Bernard Parish, seeking to bar the collection of a land acreage exaction for levee protection. The plaintiffs attacked the constitutionality of a 1-966 ordinance [2] of the Board of Commissioners of the Levee District imposing a “local or forced contribution” of fifty cents per acre or fractional acre.[3] The plaintiffs sought a temporary restraining order, a preliminary injunction, and a permanent injunction.
After denying the temporary restraining order, the trial judge sustained defendants’ “exceptions of no right or cause of action” and dismissed the suit. Plaintiffs appealed to the Court of Appeal, Fourth Circuit. The Court of Appeal properly transferred the appeal to this Court. See 201 So.2d 19.
The case poses the legal question of whether the trial judge correctly sustained the peremptory exception and dismissed the suit.
*794 In sustaining the exception, the trial judge relied upon Act No. 330 of 1938, implementing Article X, Section 18 of the Louisiana Constitution and prohibiting an injunction to restrain the collection of any tax.
Article X, Section 18 of the Louisiana Constitution ordains:
“The Legislature shall provide against the issuance of process to restrain the collection of any tax and for a complete and adequate remedy for the prompt recovery by every taxpayer of any illegal tax paid by him.”
In obedience to the constitutional mandate, the Legislature enacted Act No. 330 of 1938, providing:
“Section 1. Be it enacted by the Legislature of Louisiana, That no court of this
State shall issue any process whatsoever to restrain the collection of any tax imposed by the State of Louisiana, or by any political subdivision of the State of Louisiana, under authority granted to it by the Legislature or by the Constitution.
“Section 2. (a) A right of action is hereby created to afford a remedy at law for any person aggrieved by the provisions of this Act; and in case of any such person resisting the payment of any amount found due, or the enforcement of any provision of such laws in relation thereto, such person shall pay the amount found due by the officer designated by law for the collection of the said tax and shall give the officer notice, at the time, of his intention to file suit for the recovery of the same; and upon receipt of such notice, the amount so paid shall be segregated and held by the officer designated by law for the collection of the tax for a period of thirty (30) days; and if suit be filed within such time for the recovery of such amount, such funds so segregated shall be further held, pending the outcome of such suit. If the person prevails, the officer designated by law for the collection of the tax shall refund the amount to the claimant, with interest at the rate of 2% per annum covering the period from the date said funds were received by the officer designated by law for the collection of said tax to the date of refund.”
The petition alleges no compliance with the foregoing statute by payment of the amount due and notification of intention to file suit for recovery of the payment. Indeed, the petition seeks no recovery of funds paid. Rather it seeks to block collection of unpaid assessments by means of injunctive relief. Appellants concede their assessments were unpaid when the petition was filed.
Appellants first contend that Act No. 330 of 1938 is no longer controlling, since the adoption of the Revised Statutes of 1950. This contention implies that the Revised Statutes repealed the Act.
*796 We agree with the trial judge that the Act is still in effect. It is true the redactors of the Revised Statutes listed Act No. 330 of 1938 as the source, of Sections 1575, 1576, and 2110 of Title 47, “Revenue and Taxation.” But these sections are quite consistent with the original Act within the more limited scope of their application.
Sections 1575 and 1576 appear in Subtitle II, dealing with taxes collected and administered by the State Collector of Revenue. These sections ban injunctions against the collection of “any tax, penalty, interest, or other charge imposed in this Sub-title.” They also set up payment-under-protest procedures identical to those in Act No. 330 of 1938 for the recovery of taxes wrongfully collected.
Section 2110 appears in Sub-title III, relating to ad valorem taxes. This section prohibits injunctions to restrain the collection of ad valorem taxes. It sets forth the same payment-under-protest procedures as Section 1576.
The statutes repealed by the Revised Statutes are listed in Section 2 of Act 2 of the Extraordinary Session of 1950, the enacting law. Act No. 330 of 1938 is not .included among those repealed. In Olan Mills, Inc. v. City of Bogalusa, 225 La. 648, 73 So.2d 791 (1954), we recognized that Act No. 330 of 1938 was still in effect. We reaffirm our pronouncement.
The appellants next maintain that the levy is not a tax within the intendment of Act No. 330 of 1938, but a local assessment. They concede, as to this contention, that if the levy is a tax the trial judge correctly sustained the peremptory exception.
The Board of Commissioners levied the forced contribution assailed here under the authority of LSA-R.S. 38:1079, providing:
“The board of commissioners may levy annually a local assessment or forced contribution of fifty cents on each and every acre of land within the district, and sixty dollars per mile of railroad lines within the district, which shall be placed upon the assessment rolls of the respective parishes and parts of parishes of the district, and shall be collected in the same manner and paid into the state treasury as hereinbefore provided for the district levee tax of five mills. The funds shall be put by the treasurer to-the credit of the Lake Borgne Basin Levee District, and shall be paid out as hereinabove provided.
“The board of commissioners may levy any fraction of the tax on land or the railroad tax as in its discretion it shall deem the board’s necessities require. As. amended Acts 1958, No. 208, § 4.”
The Board’s ordinance of March 8, 1966, imposed:
*798 “ *" * * a local or forced contribution of fifty cents ($.50) on each and every acre or separately owned fractional acre of land within the district and Sixty Dollars ($60.00) per mile of railroad lines within the district be and the same is hereby levied and assessed, for the purpose of constructing and maintaining levees, levee drainage, and for all other purposes incidental thereto.”
It is true, as contended by appellants, that for some purposes a local assessment to finance improvements, such as streets or levees, has been distinguished from a “tax.” See, e. g., McLavy v. American Legion Housing Corporation, 227 La. 300, 79 So.2d 316 (1955); Louisiana Ry. & Navigation Co. v. Madere, 124 La. 635, 50 So. 609 (1909); Vicksburg, S. & P. R. Co. v. Traylor, 104 La. 284, 29 So. 141 (1901) ; Hill v. Fontenot, 46 La.Ann. 1563, 16 So. 475 (1894); and Munson v. Board of Com’rs., 43 La.Ann. 15, 8 So. 906 (1891). But, as noted in the decisions, this distinction is valid only in constitutional or statutory contexts referring to tax in its narrow sense: ad valorem or other ordinary levies. The decisions recognized the specific usage and applied it. Hence, they are not controlling in a different context.
The ^statutory .ban "of Act No. 330 of 1938 against injunctions in tax suits is very broad. The statute prohibits an injunction to restrain the collection of “any tax imposed by the State of Louisiana, or by any political subdivision * * * under authority granted to it by the Legislature or by the Constitution.” It then provides an adequate remedy for an aggrieved taxpayer through payment of the tax under protest followed by suit to recover the amount paid. The salutary purpose of this enactment is to prevent the disruption of fiscal and governmental functions during the pendency of a taxpayer’s suit.
The forced contribution at issue here has its origin in the taxing power. See Louisiana Cent. Lumber Co. v. Catahoula Parish Sch. Bd., 191 La. 470, 185 So. 885 (1939), 48 Am.Jur., Special or Local Assessments, § 9, pp. 571-572, and 6 C.J.S. Assessment pp. 1025-1028. This Court has described such a levy as “a species of tax,”[4] “a peculiar species of taxation,”[5] and a “tax.” [6]
LSA-R.S. 38:1079 refers to the forced contribution as a “tax on land.” It further provides that the contribution “shall be collected in the same manner and paid into the state treasury as hereinbefore provided *800 for the district levee tax of five mills.” The preceding section, LSA-R.S. 38:1078, provides that the district levee tax shall be collected “in the same manner that state taxes are collected.” The tax policy behind Act No. 330 of 1938 applies to the present imposition.
Appellants rely mainly upon Dominion Land Co. v. Stark, 156 La. 124, 100 So. 244 (1924), in which this Court sustained an injunction against the collection of an acreage tax imposed by the Atchafalaya Basin Levee District under Act 97 of 1890. This decision, however, provides no support for the appellants. The case arose prior to the enactment of Act No.- 330 of 1938. Article X, Section 18 of the Constitution of 1921 was not self-operative. See Taylor v. City of Hammond, 163 La. 1097, 113 So. 573 (1927). Hence, at that time, injunctive relief was available to the taxpayer.
We conclude that the local or forced contribution of fifty cents per acre is a tax within the intendment of Act No. 330 of 1938. Hence, the trial court correctly sustained the peremptory exception.
For the reasons assigned, the judgment of the district court is affirmed at plaintiffs’ costs.
FOURNET, C. J., absent.

. An ordinance adopted March S, 1966, amending a tax ordinance adopted January 12, 1966.

. Plaintiffs invoke Article X, Section 1, of the Louisiana Constitution and Article I, Section 8, The Fifth Amendment, and Fourteenth Amendment of the United States Constitution

. Sea Louisiana Cent. Lumber Co. v. Catahoula Parish Sch. Bd., 191 La. 470, 185 So. 885 (1939).

. See Munson v. Board of Com’rs, 43 La.Ann. 15, 8 So. 906 (1891).

. See Vicksburg, S. & P. R. Co. v. Traylor, 104 La. 284, 29 So. 141. (1901).