240 So.2d 719

Mike CHARLES et al.

v.

SEWERAGE DISTRICT NO. 2 OF ST. CHARLES PARISH et al.

Stanford J. CAILLOUET, Sr., et al.

v.

SEWERAGE DISTRICT NO. 2 OF THE PARISH OF ST. CHARLES.

No. 50668.

Nov. 9, 1970.

Wilmer Glauner Hinrichs, New Orleans, for plaintiffs-respondents.

Foley, Judell, Beck, Morel & Bewley, J. Hugh Martin, New Orleans, Norman J. Pitre, Asst. Dist. Atty., for defendants-relators.

BARHAM, Justice.

These suits are class actions by residents of St. Charles Parish attacking the financing of a new sewerage system for Sewerage District No. 2 of that parish. Writs were granted upon the application of the defendants, Sewerage District No. 2 and others, in the case of Charles v. Sewerage District No. 2 of St. Charles Parish, No. 11,964 on the docket of the district court. We also ordered that the record in the case of Caillouet v. Sewerage District No. 2 of the Parish of St. Charles, No. 11,856 on the same docket, lodged in this court for review.

The district court in the Charles case refused all injunctive relief and maintained exceptions of res judicata, lis pendens, and prescription [peremption] insofar as the issues in that suit related to two earlier suits filed in the same court, but ordered that the plaintiffs be allowed to pay the tax assessment installment in protest to the clerk of court subject to further orders of the court.

Plaintiffs' petition in the Charles case, among other things, sought relief because of issues urged and pending in the Caillouet case (the latter suit had been filed first), and we reasoned that the Caillouet suit could affect the exception of peremption partially sustained by the district court in the Charles suit.

In granting the writs we, ex proprio motu, ordered the district court to immediately release the funds deposited with the *clerk of court*, being of the opinion that there was no authority in law for the deposit of protested tax payments with the *clerk of court*. Art. 10, Sec. 18, La.Const. of 1921, and Act 330 of 1938. After that order was issued, the parties to the suit, by stipulation, agreed that all installments offered under protest by those within the Sewerage District would be deposited with the Bank of St. Charles, the fiscal agent for the district, and that they would be held without prejudice to the rights of any of the parties. An order of the court officially deposited the funds with the bank, making the deposit subject to its original orders which in compliance with the original petition allowed the payments to be deposited as under protest. According to a second stipulation, these funds remain on deposit under protest with the fiscal agent.

These two class actions, Charles v. Sewerage District No. 2 and Caillouet v. Sewerage District No. 2, include the class of persons owning property in the new sewerage system and, additionally in the Caillouet case, some persons who have property which has not been included within the new sewerage system but which they fear will subsequently be included.

It is our conclusion that the issues raised in the Charles case by persons owning property in the new sewerage system, the attack on the tax assessment, on the ordinance which adopted the assessment, and on the resolution authorizing certificates of indebtedness, are all perempted under R.S. 33:3994. That provision reads:

"No contest or proceeding to question the validity or legality of any resolutions or ordinances adopted or proceedings had under the provisions of this Sub-part shall be begun in any court by any person for any cause whatsoever, after the expiration of thirty days from the date when the resolution, ordinance or proceeding was published, and after such time the regularity of such resolution, ordinance or proceeding shall be conclusively presumed. If the validity of any certificates issued under the provisions of this Subpart is not raised within thirty days from date of publication of the resolution or ordinance issuing said certificates and fixing their terms, the authority to issue said certificates, the legality thereof and of the local or special assessments necessary to pay the same shall be conclusively presumed and no court shall thereafter have authority to inquire into such matters."

The assessment ordinance was published on June 12, 1969, and the resolution approving the certificates of indebtedness was published on March 26, 1970. These are the only attacks in the Charles petition on the actions of Sewerage District No. 2, and it is obvious that the right to challenge these actions is perempted since the suit was not filed until May 7, 1970. See Daves v. Sewerage District No. 1, 232 La. 679, 95 So.2d 148 (1957).

However, under Act 330 of 1938, which is still law under the holding of Acosta v. Board of Com'rs of Lake Borgne Levee District, 251 La. 789, 206 So.2d 496 (1968), a right of action was created to afford a remedy for those persons who feel aggrieved by the payment of a tax. This act provides that " * * * such person shall pay the amount found due by the officer designated by law for the collection of the said tax and shall give the officer notice, at the time, of his intention to file suit for the recovery of the same * * *". The Caillouet suit was filed before the date when the first installment on the tax assessment became due; and when that payment did fall due, a final determination had not been reached in the suit. To protect their interests in the Caillouet suit, certain

members of the class timely[1] filed the Charles suit in an attempt to make their assessment installment payment under protest, relying upon the Caillouet suit (as well as the perempted allegations in their petition) as the basis for their payment under protest and their demand for refund. As noted earlier, these funds ultimately were lodged with the proper officer for the collection of the tax and for deposit of taxes paid under protest, the Bank of St. Charles, the fiscal agent for Sewerage District No. 2.

We find that the Charles suit, then, is a suit in which the assessment installments were deposited under protest, with notice to the Sewerage District that a suit which is the foundation for recovery of the protested payments was pending in court. The plaintiffs in Charles are entitled to have the protested tax payments, as well as their right to recover these funds, preserved pending a determination of whether the grounds urged in the Caillouet suit give rise to a right of recovery.

Turning now to the Caillouet suit, we find attacks challenging the establishment of Sewerage District No. 2, contesting the issuance, sale, and delivery of the general obligation or revenue bonds of the Sewerage District and the collection of the special tax assessment and the issuance of the certificates of indebtedness. In general, the suit assails the incurring of indebtedness or the spending of funds by the Sewerage District.

Injunctive relief was denied by the district court and the exceptions of res judicata and no cause of action were maintained against those persons and their class who were represented in the earlier case decided by that court, which is not before us, Stewart v. Sewerage District No. 2 of the Parish of St. Charles, and the exception of no right of action was maintained against those persons and classes of persons who were not represented in the suit named above. The plaintiffs appealed from the dismissal of their suit, but the case was still pending on appeal when we issued writs. It was necessary to order the record in that case to be lodged here so that we could make a proper determination of the Charles case.

It is apparent that the plaintiffs in Caillouet have filed suit within the time requirement of R.S. 33:3994 for challenging the issuance of the certificates of indebted-Suit was filed on March 13, 1970, and the publication of the resolution authorizing the issuance of the certificates of indebted

---

1. The ordinance authorizing the assessment was passed on May 22, 1969, and provided that a taxpayer could pay the entire amount on or before June 23, 1969, or could elect to pay in 10 equal installments, coming due on May 22 of each of the subsequent 10 years. The first installment became due on May 22, 1970, and this suit was filed on May 7, 1970.

ness was 13 days later. Thus the suit was filed even before the 30-day period began to run. This is not to say that all of the attacks made by plaintiffs are timely and not perempted. We hold only that if the Caillouet suit can withstand other procedural attacks and states a cause of action in its challenge of the resolution authorizing the issuance of the certificates of indebtedness, it is as to that issue timely filed.

The judgment of the trial court sustaining the exceptions of res judicata, no cause of action, and no right of action seems to be founded, in part if not in whole, upon another suit, Stewart et al. v. Sewerage District No. 2, No. 11,377 in that court. Apparently the Stewart suit was introduced into the trial court without a copy being made a part of the record. R.S. 13:3723. At any rate, the Stewart suit is not a part of the record before us, and we would be unable, if we were so disposed, to make a judgment upon the correctness of the trial court's ruling on these exceptions.

The judgment in Charles et al. v. Sewerage District No. 2 is amended. The exception of peremption is sustained as to all attacks there urged upon the formation and funding of the Sewerage District and upon the ordinances or resolutions establishing assessments and authorizing the issuance of certificates of indebtedness. The suit is remanded to the district court. The deposit of the protested assessments is recognized and preserved, and the deposits are to be held subject to the final decision in the Caillouet suit. Disposition of those payments under protest is to be determined in accordance with the final judgment in the Caillouet suit.

Caillouet et al. v. Sewerage District No. 2 is remanded to the district court in the position from which it was removed, that is, pending appeal, and the trial court is instructed to attach the record in Stewart et al. v. Sewerage District No. 2, No. 11,377, to the transcript of appeal in compliance with R.S. 13:3723.

Casting of costs in both suits should be made upon final determination of the cases upon remand.