SAMUEL, Judge.
In these consolidated proceedings, the various plaintiffs attack the validity of City of New Orleans Ordinance No. 7011, M.C.S., passed on December 28, 1978 and approved by the Mayor on January 2, 1979, enacting a “road use charge”.
The various suits were consolidated and tried together. Thereafter, judgment was rendered upholding the validity and constitutionality of the ordinance. Some of the plaintiffs have appealed.
This is Ordinance No. 7011, Mayor Council Series, the ordinance in suit:
“AN ORDINANCE relative to the levy of a road use charge according to the classifications as provided, upon all motor vehicles registered in Orleans Parish or owned by residents of Orleans Parish, or owned by persons, firms and/or corporations whose principal place of business is located in Orleans Parish, for the year 1979 and for each year thereafter for the purpose of providing revenues to promote and benefit the health, safety and welfare of the citizens of the City of New Orleans including, but not limited to, the aiding of motor bus lines carrying passengers and other modes of public transit, which as a matter of public convenience and necessity, may be required to be maintained and continued in operation, and to otherwise provide with respect thereto.
SECTION I. THE COUNCIL OF THE CITY OF NEW ORLEANS HEREBY ORDAINS, that a road use charge be and is hereby levied on all motor vehicles registered in Orleans Parish, or owned by residents of Orleans Parish, or owned by persons, firms and/or corporations whose principal place of business is located in Orleans Parish, for the year 1979 and for each year thereafter for the purpose of providing revenues to promote and benefit the health, safety and welfare of the citizens of the City of New Orleans including, but not limited to, the aiding of motor bus lines carrying passengers and other modes of public transit, which as a matter of public convenience and necessity, may be required to be maintained and continued in operation.
The charge herein levied shall be according to the following classifications:
Motorcycles and other two wheeled vehicles $ 25.00 annually
Automobiles $ 50.00 annually
Trucks, vans and pickups $100.00 annually
SECTION II. That the Director of Finance of the City of New Orleans be and he is hereby authorized to place the revenues received from the aforesaid road use charge upon the personal property tax bills of the City of New Orleans and to collect them at one and the same time, and the said Director of Finance is authorized to pay over, day by day as collected, to the General Fund of the City of New Orleans. The Director of Finance is further authorized to promulgate such rules and regulations as may be necessary to effect implementation of this provision of this ordinance, including the formulation of new and the amendment of present definitions of vehicles in their respective classifications, as provided for in Section I thereof.
SECTION III. Notwithstanding any provision of this ordinance to the contrary and notwithstanding the number of vehicles owned by and registered to a resident of Orleans Parish or a person, firm and/or corporation whose principal place of business is located in Orleans *79 Parish, no person shall be required to pay a road use charge in excess of one thousand ($1,000.00) dollars in any one year.
SECTION IV. That if any portion of this Ordinance be held unconstitutional or invalid by a court of competent jurisdiction, such holding shall not affect the validity of the remaining portion of the Ordinance, but such remaining portion shall be and remain in full force and effect.
SECTION V. All ordinances or parts of ordinances in conflict herewith are hereby repealed.”
Appellants have argued numerous legal questions regarding the validity of the ordinance. However, many of these arguments have been raised for the first time on appeal, and this court is not obliged to pass on them.
Generally, issues not raised by the pleadings or passed upon by the trial court cannot be raised for the first time on appeal.[1] In the case of Mayo v. Stoessell,[2] the court stated the proposition as follows:
“Lastly, we refer to the argument of counsel for appellants in their ‘Reply Brief’ that the trial court failed to consider the proposition ‘that if the property had been properly adjudicated to the State for 1933 taxes, then the tax sales for 1937 and 1939 taxes were absolute nullities because title was, at those times, in the State, not ■ the falsely assessed ‘ “tax debtor.” ’ (Emphasis supplied) That issue was not raised by any pleading filed by plaintiff or intervenor and was not even made an assignment of error in this court. Though argued in appellants’ brief, briefs are merely written arguments and form no part of the pleadings. Chase v. Davis, 20 La.Ann. 201 (1868). We decline to consider the matter.”
Since these issues were not raised in the trial court, the City had no chance to offer any evidence to defend against them. It would be improper and perhaps unjust for this court to chance prejudicing the rights of the City by considering and deciding these issues.[3] Accordingly, we consider and decide only those issues properly before us.
First, appellants argue the road use charge is unconstitutional under Article 7, § 18 of the Louisiana Constitution of 1974 because it does not tax property based on a uniform percentage of its fair market value. They also argue the road use charge violates the millage limitation of Article 6, § 27(A).
These issues were answered by the Louisiana Supreme Court in Acorn v. City of New Orleans[4] in a case attacking a $100 real property service charge, similar to the present road use charge. The Supreme Court answered the question as follows:
“For over half a century there has been neither statutory nor constitutional requirement in Louisiana that taxes on property be levied in proportion to its value.
In the Constitution of 1974 property taxation is treated in Part II of Article 7. Section 18 concerns ad valorem taxes. Section 18 provides that property subject to ad valorem taxation shall be listed on the assessment rolls and that the assessment (percentage of fair market value) ‘shall be uniform throughout the state upon the same class of property.’ In Louisiana today, the same class of property must be assessed uniformly throughout the state for the purpose of taxation ac *80 cording to value. Other kinds of taxation are not constitutionally bound to a value basis.

The tax involved here is not an ad valorem tax. Ad valorem means ‘according to value. Duties are either ad valo-rem or specific; the former when the duty it laid in the form of a percentage on the value of the property; the latter where it is imposed as a fixed sum on each article of a class without regard to its value. The term ad valorem tax is as well defined and fixed as any other used in political economy or legislation, and simply means a tax or duty upon the value of the article or thing subject to taxation.’ Black’s Law Dictionary, 3d ed.
The tax under consideration here is clearly not levied according to the valuation of the property taxed; it is a specific tax, and not an ad valorem tax: It is not, therefore, a millage increase upon a parish ad valorem tax, and is not regulated by other provisions of law governing ad valorem taxation.”
Applying the Acorn case to the case presently before us, it is clear the road use charge is a specific tax, since it is a flat charge imposed upon each automobile, motor cycle, truck, or van registered in the City of New Orleans, without regard to value. The tax rate established by the ordinance is predicated on the number of vehicles a person owns, and not their value. Consequently, road use charge is a specific tax, and not subject to the constitutional requirements of Article 7, § 18 pertaining to ad valorem taxes.
Second, appellants contend the ordinance violates the “uniformity” clause of the 1974 Constitution, Article 7, § 1.[5] That article and section vest the power of taxation in the legislature, but mention nothing about the “uniformity” clause. This clause
is only under Article 7, § 18(A), pertaining to ad valorem taxes.[6] The provision is a departure from the Constitution of 1921 which provided in Article X, § 1, that the taxing power was vested in the legislature and that all taxes would be uniform upon the same class of subjects throughout the territorial limits of the authority levying the tax. The 1921 constitutional provision is absent from the 1974 constitutional provision, and, to reiterate, appears only under the ad valorem tax section. Having decided the tax or charge in suit is a specific tax, the uniformity clause of the 1974 Constitution is not applicable.
Third, appellants argue the road use charge is not within the taxing powers of the New Orleans City Council. This issue also was answered with regard to the real property service charge, upheld by the Supreme Court in Acorn v. City of New Orleans,[7] by the following language:
“It is clear therefore that the Constitution had the legislature, acting under that Constitution, have granted to the City of New Orleans full and complete power to impose all kinds and classes of taxes, provided only that they are ‘not expressly prohibited by the Constitution of the State of Louisiana.’

Plaintiffs argue that the additional tax on a parcel of land in New Orleans circumvents the provisions of Article 6, § 26 of the Constitution of 1974 by increasing the amount of taxes on property subject to ad valorem taxes. However, if the tax is not ‘expressly prohibited,’ it is not outside the taxing power of the City of New Orleans.”
The imposition of a specific tax upon automobiles is not prohibited by the 1974 Constitution. It is therefore within the scope of the taxing authority of the City Council of New Orleans.
*81 Next, appellants challenge the ordinance for lack of procedural due process because they assert it does not provide for remedies against possible unfair administration of the tax. However, the City correctly points out that state law already provides an adequate remedy against improper or unfair administration.
Act 330 of 1938 provides:
“Section 1. Be it enacted by the Legislature of Louisiana, That no court of this State shall issue any process whatsoever to restrain the collection of any tax imposed by the State of Louisiana, or by any political subdivision of the State of Louisiana, under authority granted to it by the Legislature or by the Constitution.
Section 2. (a) A right of action is hereby created to afford a remedy at law for any person aggrieved by the provisions of this Act; and in case of any such person resisting the payment of any amount found due, or the enforcement of any provision of such laws in relation thereto, such person shall pay the amount found due by the officer designated by law for the collection of the said tax and shall give the officer notice, at the time, of his intention to file suit for the recovery of the same; and upon receipt of such notice, the amount so paid shall be segregated and held by the officer designated by law for the collection of the tax for a period of thirty (30) days; and if suit be filed within such time for the recovery of such amount, such funds so segregated shall be further held, pending the outcome of such suit. If the person prevails, the officer designated by law for the collection of the tax shall refund the amount to the claimant, with interest at the rate of 2% per annum covering the period from the date said funds were received by the officer designated by law for the collection of said tax to the date of refund.” (Emphasis supplied).
In Acosta v. Board of Com’rs of Lake Borne Basin L. D.,[8] the Supreme court held this act had not been repealed by the adoption of the Revised Statutes of 1950 and that it still applied to specific taxes such as the one in question.
In so holding, the Supreme Court stated:
“We agree with the trial judge that the Act is still in effect. It is true the redactors of the Revised Statutes listed Act No. 330 of 1938 as the source of Sections 1575, 1576, and 2110 of Title 47, ‘Revenue and Taxation.’ But these sections are quite consistent with the original Act within the more limited scope of their application.
Sections 1575 and 1576 appear in Subtitle II, dealing with taxes collected and administered by the State Collector of Revenue. These sections ban injunctions against the collection of ‘any tax, penalty, interest, or other charge imposed in this Sub-title.’ They also set up payment-under-protest procedures identical to those in Act No. 330 of 1938 for the recovery of taxes wrongfully collected.
Section 2110 appears in Sub-title III, relating to ad valorem taxes. This section prohibits injunctions to restrain the collection of ad valorem taxes. It sets forth the same payment-under-protest procedures as Section 1576.
The statutes repealed by the Revised Statutes are listed in Section 2 of Act 2 of the Extraordinary Session of 1950, the enacting law. Act No. 330 of 1938 is not included among those repealed. In Olan Mills, Inc. v. City of Bogalusa, 225 La. 648, 73 So.2d 791 (1954), we recognized that Act No. 330 of 1938 was still in effect. We reaffirm our pronouncement.”
Moreover, the Acosta case held Act 330 of 1938 applied to specific taxes as follows:
“The statutory ban of Act No. 330 of 1938 against injunctions in tax suits is very broad. The statute prohibits an injunction to restrain the collection of ‘any tax imposed by the State of Louisiana, or by any political subdivision * * * under authority granted to it by the Legislature or by the Constitution.’ It then provides an adequate remedy for an aggrieved *82 taxpayer through payment of the tax under protest followed by suit to recover the amount paid. The salutary purpose of this enactment is to prevent the disruption of fiscal and governmental functions during the pendency of a taxpayer’s suit.

We conclude that the local or forced contribution of fifty cents per acre is a tax within the intendment of Act No. 330 of 1938. Hence, the trial court correctly sustained the peremptory exception.”
If there is an unfair administration of the road use charge, a tax payer has the remedies provided in Act 330 of 1938.[9] Consequently, the ordinance attacked is not invalid because it deprives tax payers procedural due process.
The last argument raised properly by plaintiffs is that the ordinance levies a “license fee” in violation of Article 7, § 5 of the Constitution of 1974, which provides as follows:
“The legislature shall impose an annual license tax of three dollars on automobiles for private use, and on other motor vehicles, an annual license tax based upon horsepower, carrying capacity, weight, or any of these. No parish or municipality may impose a license fee on motor vehicles.”
The last sentence of this constitutional provision prohibits local government from imposing a “license fee” on motor vehicles. Plaintiffs argue the provision reserves to the state legislature the power to impose any license tax on automobiles or other motor vehicles and removes from municipalities (and parishes) the power to levy any such tax.
The City contends a municipality is prohibited by the quoted constitutional provision from imposing a license fee on motor vehicles but nevertheless may impose license taxes on them. The City argues the difference in wording between a “license tax” and a “license fee” must be recognized in construing Article 7, § 5; that a “license” is a permit to enjoy the privilege of using streets, while a “license fee” is a sum charged for the permit; and that, in the present case, the charge levied by the “road use charge” is not a charge for the privilege of using municipal streets, but instead is a direct tax on the ownership of motor vehicles by residents of the city, whether or not the vehicles are used on the streets. Consequently, it contends the apparent conflict in Article 7, § 5 is resolved if it is interpreted to mean that the City may engage in imposing a specific tax to raise revenue but may not engage in licensing or registering motor vehicles for a fee. The City relies on the distinction between a license tax and a license fee as set forth in Black’s Law Dictionary, page 830 (Fifth Edition 1979) as follows:
“The term ‘license tax’ includes both charge imposed under police power for privilege of obtaining license to conduct particular business, and tax imposed upon business for sole purpose of raising revenue; ‘license tax’ being defined as sum exacted for privilege of carrying on particular occupation .... Where a fee is exacted and something is required or permitted in addition to the payment of the sum, either to be done by the licensee, or by some regulation or restriction imposed on him, then the fee is a ‘license fee.’ Conrad v. State, Del.Super., 2 Terry 107, 16 A.2d 121, 125. A license fee is charge made primarily for regulation, with the fee to cover cost and expense of supervision or regulation. State v. Jackman, 60 Wis.2d 700, 211 N.W.2d 480, 487.”
We do not agree with the City’s argument.
Our understanding of what occurred at the Constitutional Convention of 1973 regarding Article 7, § 5 of our 1974 Constitution is:[10] The delegates were in agreement that § 5 of Article 7 was not “constitutional material”, i. e., should not properly be a part of the proposed new constitution. But *83 the section was essentially the same as contained in the prior (1921) constitution,[11] and to leave it out would endanger adoption of the new constitution because such action would suggest to the voter that he would be required to pay an “exorbitant” license charge for his automobile and thus result in having “people flocking to the polls to vote against” the new constitution. In other words, the purpose of retaining this non-constitutional material in the new constitution was to assure the voters the automobile license would not be increased. And it appears to us that the delegates were concerned with, and intended to limit, the cost or charge the automobile owner would be required to pay, regardless of whether that cost or charge be described by use of words such as “license tax”, “license fee”, or “road use charge”.
In our view, the ordinance in suit clearly violates this constitutional purpose. The ordinance “charge” is based on registration; the registration referred to is the license fee paid by the vehicle owner for the privilege of driving on Louisiana highways, roads and streets; and, by its specific wording, the ordinance is a charge for “road use”. Thus, at least within the contemplation of Article 7, § 5, the ordinance’s “charge” duplicates the state license tax and violates the prohibition contained in the last sentence of § 5.
For the reasons assigned, the judgment appealed from is reversed and New Orleans Ordinance No. 7011, Mayor Council Series, is declared unconstitutional.

REVERSED.

. Krauss v. Develle, 236 La. 1072, 110 So.2d 104; Mundy v. Gentilly Oaks, 227 La. 118, 78 So.2d 530; Novick v. Miller, 222 La. 469, 62 So.2d 645.

. La.App., 277 So.2d 520, 523.

. The issues not considered in this opinion are: (1) The ordinance violates the apportionment and uniformity clauses of the United States Constitution; (2) the road use charge provided by the statute is a confiscatory tax that violates substantive due process; (3) the road use charge is unconstitutionally vague and represents an improper delegation of legislative power to the executive branch by allowing the director of finance to define what motor vehicles are covered by the ordinance and to define what residents the ordinance applies to; and (4) the ordinance is unconstitutional because it is selectively enforced.

. La., 377 So.2d 1206, 1213.

. Art. 7, § 1 reads: “Except as otherwise provided by this constitution, the power of taxation shall be vested in the legislature, shall never be surrendered, suspended, or contracted away, and shall be exercised for public purposes only.”

. Art. 7, § 18(A): “The percentage of fair market value shall be uniform throughout the same class of property.”

. Supra, note 4, at p. 1212.

. 251 La. 789, 206 So.2d 496.

. Acosta recently has been upheld in Charles v. Sewerage Dist. No. 2 of St. Charles Parish, 256 La. 953, 240 So.2d 719.

. See Vo. XXXII La.Const. Conv. 1973, pp. 84, et seq., 99th Day’s Proceedings.

. 1 LSA-Const., Art. 6, § 21 and 2 LSA-Const., Art. 10, § 17.